TEXAS & PACIFIC RAILWAY COMPANY V. MRS. C. I. PIERCE.

No. 753.

1.  Change of Venue—Affidavit—Railway Company—Local Agent.—Where a railway company applies for change of venue, its local agent may be one of the compurgators to the affidavit therefor.

2.  Contributory Negligence—Failure to Open Depot.—It was error to refuse a special charge, to the effect, that if plaintiff was informed before the train was due that the depot would not be opened that night, the duty devolved upon her to use care and prudence to protect herself from the inclement weather.

3.  Railway Company—Insult to One Waiting for Train.—It was error for the court to admit testimony to the effect that plaintiff had been insulted while waiting for the train at the depot, as such was not the fault of the defendant company.

APPEAL from the County Court of Van Zandt. Tried below before Hon. T. R. YANTIS.

*M. H. Gossett,* for appellant.—Where application for a change of venue is made in conformity to the requirements of article 1272, Revised Statutes, the same shall be granted, unless it appear to the satisfaction of the judge, upon proof made before him, that the persons making the affidavit are not credible persons. Rev. Stats., arts. 1271, 1272; Railway v. Mississippi, 102 U. S., 135; Deslonde v. Farley, 58 Texas, 588.

No brief for appellee reached the Reporter.

RAINEY, ASSOCIATE JUSTICE.—The fact that one of the compurgators to the affidavit for change of venue is a local agent of the railway company does not make him a party to the litigation, nor does that prevent his being a "credible person." The court erred in holding such agent was incapable for that reason to make the proper affidavit, and in refusing to grant the application for change of venue. Railway v. Allen, 26 S. W. Rep., 434; Railway v. Hawkins, this day decided by this court.

The appellant requested the following special charge, to wit: "If the plaintiff and her companions were informed, before the train on which she desired to return to Silver Lake was due, that the depot at Grand Saline would not be opened that night for the expected train, then the duty devolved upon the plaintiff to protect herself from the consequence of exposure to the inclement weather, and the defendant railway company would not be responsible for sickness or other conse-

quences of exposure to cold and rain which reasonable care and prudence could have avoided."

The court in a general way charged on contributory negligence, but the special charge requested by the railway company was especially applicable to the facts of the case, and as it was one of the main defenses of the company, it should have been given.   Railway v. Cole, 66 Texas, 563.

The court erred in admitting the testimony of the plaintiff, to the effect that she had been insulted while waiting for the train at the depot, as such was not the fault or failure of defendant company in the discharge of any duty.

Other errors pointed out are not liable to occur on another trial, and it is unnecessary to here notice them.

The judgment is reversed, and the cause remanded.

*Reversed and remanded.*

Delivered April 10, 1895.