# FIFTH DISTRICT, 1901.

## TEXAS & PACIFIC RAILWAY COMPANY v. F. H. REA.

### Decided December 7, 1901.

**1.—Argument of Counsel—Improper Remarks.**

Remarks to the jury by plaintiff's counsel to the effect that one of defendant's witnesses was a "cow coroner," and that one of the jurors, naming him, knew what kind of a cat the witness was, and having had dealings with him, would not believe him, were improper and an appeal to the prejudices of the jury.

**2.—Carrier of Passengers—Duty of Providing Seats—Avoidance of Injury.**

It is the duty of railway companies to provide passengers with seats, and the failure to do so is a breach of the contract of carriage such as subjects them to the damages proximately resulting therefrom; but where the passenger can reasonably avoid the injury or an aggravation of the damages, it should be done.

**3.—Same—Contributory Negligence—Question for Jury.**

Where, in an action against a railway company for injuries to a passenger resulting from the cold and crowded condition of the cars, it appeared that such was their condition at the station where plaintiff got on, and that he knew, or could have known, that the company ran extra trains, and so could have waited, or have left the train after discovering its condition, the question of contributory negligence thus raised was not to be determined as matter of law, but was for the jury.

**4.—Same.**

So, where the action was for injuries to plaintiff's wife in being compelled by the crowded condition of the cars to stand while holding a child, the conduct of the husband, also a passenger, in failing to relieve his wife of the burden, presented a question of contributory negligence which was for the jury.

**5.—Same—Negligence of Husband Imputed to Wife.**

In an action for personal injuries to the wife the negligence of the husband will be imputed to her, and in so far as it aggravated the damages, he can not recover.

**6.—Same—Damages Not Too Remote.**

Plaintiff's wife having been injured by reason of the crowded condition of the cars, compelling her to stand while holding a child, the damages were not rendered too remote by reason of the fact that the child was not hers, and its parents were in another car, where the child was in the wife's charge and she had undertaken to look after it.

Appeal from Van Zandt. Tried below before Hon. J. G. Russell.

*Cate, Geddis & Bruce,* for appellant.

*Kearby & Kearby* and *J. A. Germany,* for appellee.

RAINEY, CHIEF JUSTICE.—Appellee sued to recover damages for personal injuries to appellee's wife, alleged to have resulted from the failure of appellant to furnish her with a seat while traveling on appellant's train as a passenger from Dallas to Grand Saline.

The evidence shows that appellee held tickets for himself and wife entitling them to passage over appellant's road from Dallas to Grand Saline, a distance of about 65 miles. Plaintiff and wife were traveling in company with his brother, R. N. Rea, and wife and their three children. In boarding the train at Dallas they became separated. Mrs. Rea took charge of the 2-year-old child of her brother-in-law, R. N. Rea, and R. N. Rea and wife entered a different coach from plaintiff and wife and the 2-year-old child. The train was crowded; the car was cold, and no seat was to be had, and Mrs. Rea stood up the entire distance, holding in her arm the 2-year-old child, from all of which it is claimed the injuries resulted.

The second assignment of error complains of remarks made by plaintiff's counsel in his closing argument to the jury, viz: "Geddie tells about that fellow Parks. He wants you to believe him over all those other witnesses; that cow coroner up there; that fellow that chases all around over the country settling for cows they have killed and crippled. I know the jury ain't going to believe him. Monch Spikes knows what kind of a cat he is. Monch Spikes has had cattle and stock killed; he has had dealings with this cow coroner, and I know he won't believe him." The witness Parks, referred to, was appellant's stock claim agent. Monch Spikes was a member of the jury, and signed the verdict as foreman. Exceptions to said remarks were duly made at the time, but there is nothing in the record to show that the trial court attempted to counteract the effects thereof. The remarks were improper, as it was an appeal to the prejudice of one of the jurors, at least, to consider matters not connected with the case, and was calculated to improperly influence the jury in considering the testimony of Parks.

Appellant requested a charge to the effect that if plaintiff and wife discovered before the train left Dallas that the car which they entered was cold and crowded, and that the wife could not get a seat, and that if defendant ran other and extra trains, which was known to plaintiff and wife, or could have been known by the use of reasonable diligence, then plaintiff and wife would be guilty of contributory negligence, and could not recover for the injury to the wife which was the proximate result of her not being able to obtain a seat. The evidence shows that the car was cold and crowded, and that the wife could not get a seat; that defendant did run an extra train, but plaintiff and wife testify that they knew nothing of the extra train. The travel over the road was great at that season, and it was not shown that by waiting a seat would

have been furnished on the extra or other train. The charge assumes that, had the facts therein enumerated existed, plaintiff and wife would be guilty of contributory negligence. We are of the opinion that the trial court would not have been justified in charging, as a matter of law from the facts enumerated in the charge, that they were guilty of contributory negligence. Whether or not the facts existed, and if they existed, it was for the jury to determine from the evidence whether or not they were guilty of contributory negligence. The court did not err in refusing to give the charge.

Error is urged by appellant in the court refusing the following charge, to wit: "It is the duty of any person who is placed in danger of injury by the negligence of another, to use ordinary care to avoid anything that may threaten to increase the danger or aggravate the injury. Therefore, if you find from the evidence that when plaintiff and his wife boarded the cars at Dallas to take passage to Grand Saline, and became aware that plaintiff's wife could not obtain a seat, and that she would have to stand up in the car and hold in her arms a child not her own, and you further find that a person of ordinary prudence and care would have abandoned the train under the circumstances, or if you find that a person of ordinary prudence and care, situated as plaintiff's wife was at the time, would not have held the child in her arms, or if you find that a person of ordinary prudence and care, situated as plaintiff was at the time, would have relieved his wife of the burden of said child, and that plaintiff or his wife, both or either of them, failed to use ordinary care, and plaintiff's wife was injured by reason of holding said child in her arms, then, if you so believe, plaintiff can not recover anything for such injuries, and you will find for defendant." The defendant pleaded contributory negligence on the part of plaintiff and wife, in that they knew the crowded condition of the train when they entered it, and some time before leaving Dallas, and could have abandoned said train and avoided the injury. That no necessity existed for the wife to hold the child, and that plaintiff was negligent in permitting the wife to carry the child in her arms. The court properly submitted to the jury the question of contributory negligence of the wife in carrying the child in her arms, but did not submit the other theories as to abandoning the train at Dallas, and as to the negligence of plaintiff's permitting the wife to carry the child in her arms. These issues were fairly raised, and should have been submitted for the determination of the jury.

It is a well settled rule "that it is the duty of a party to protect himself from the injurious consequences of the wrongful act of another when it can be done by ordinary effort or moderate expense." Railway v. Adams, 63 Texas, 429; Railway v. Young, 60 Texas, 202; Railway v. Richards, 59 Texas, 375; Railway v. Pierce, 10 Texas Civ. App., 429, 30 S. W. Rep., 1122. The application of the rule is sometimes difficult, but under the pleadings and evidence it was a question for the jury to determine whether or not plaintiff and wife were negligent as stated in the charge requested. It is the duty of railway companies to provide

their passengers with seats while on their trains, and the failure to do so is a breach of the contract of carriage and subjects them to such damages as proximately results from such breach, but when the passenger can reasonably avoid the aggravation of the damages, it should be done. If plaintiff discovered, before leaving Dallas, that his wife would be unable to procure a seat, then it was a question of fact for the jury, under the circumstances, to determine whether or not his failure to leave the train constituted contributory negligence. Had plaintiff abandoned the train at Dallas on account of failing to procure a seat, and secured passage and proper accommodations on another train of appellant, then he would have had a cause of action for such damages as he sustained by reason of the delay. The railway company, having contracted, unconditionally, to carry plaintiff, he was entitled to passage on the first regular passenger train. If any uncertainty existed as to the ability of appellant to furnish seats on that train, it should have contracted with reference thereto. Hutch. on Carr., par. 609. If it was not contributory negligence in failing to abandon the train before leaving Dallas, then plaintiff can not be charged with negligence in failing to abandon the train at other stations after surrendering his tickets, for then he was entitled to be carried to his destination on that train, and the railway would be liable for such injuries as were the proximate result of the failure to furnish his wife a seat. Railway v. Mackie, 71 Texas, 498. It was also a question for the jury whether the plaintiff was guilty of contributory negligence in failing to relieve the wife of the burden of the child if the necessity existed for it to be carried in the arms. In a suit for personal injuries to the wife the negligence of the husband will be imputed to her. If he was negligent, then, in so far as such negligence aggravated the damages, he can not recover. Railway v. White, 80 Texas, 202; Railway v. Greenlee, 62 Texas, 344.

It is insisted that the court erred in charging the jury that plaintiff could recover for any injury to his wife caused from holding the child in her arms. Aside from the question of contributory negligence, the contention is that the child was not plaintiff's and wife's, and that the injury to the wife in holding the child could not have been contemplated nor anticipated by appellant, consequently too remote to authorize a recovery. If appellant violated its contract, it was liable "for such injuries as might reasonably have been anticipated, under ordinary circumstances, as the natural and probable result of the wrongful act." Seale v. Railway, 65 Texas, 274. The child was on the train as a passenger, and was entitled to the same care and protection from injury by appellant as other passengers. If appellant breached its contract and thereby rendered it necessary, in the protection of the child from injury, for plaintiff's wife to hold it in her arms, and she was injured thereby, then it can not be said, as a matter of law, that the damage was too remote, as it was to be determined from the evidence whether it was the natural and probable result of the wrongful act of appellant. That it was not the child of plaintiff and wife, and that the father and mother

of the child were on board the train is immaterial. The child was in charge of plaintiff's wife when they boarded the train, and remained so until the end of the journey. Its father and mother were in a different coach and had left it in charge of the plaintiff and wife. They were related, and the child frequently stayed with plaintiff and wife when at home. Plaintiff's wife had assumed the burden of caring for the child, and it was her duty to look after and care for its safety, and on this question the only issue presented by the evidence is whether or not the plaintiff's wife was guilty of contributory negligence in holding the child, and whether plaintiff was guilty of negligence in not relieving her of that burden. As before stated, the court properly charged the jury on the question of the wife's negligence in carrying the child in her arms.

For the errors indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*