## NORTHERN TEXAS TRACTION CO. v. HILL et al.    (No. 2001.)

Court of Civil Appeals of Texas. El Paso. July 7, 1927.

Rehearing Denied August 17, 1927.

1. Husband and wife �kö260—Right to sue for damages for tort is "chose in action" and "property."

Right to sue for damages for tort injuring wife is a "chose in action" and "property," within legal sense of that term.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Chose in Action; Property.]

2. Husband and wife ⊧ö247—Statute providing that compensation for personal injuries sustained by wife shall be her separate property violates constitutional provision regarding wife's property (Rev. St. 1925, art. 4615; Const. art. 16, § 15).

Rev. St. 1925, art. 4615, providing that all property or moneys received as compensation for personal injuries sustained by wife shall be her separate property, held unconstitutional as in contravention of Const. art. 16, § 15, relating to property which shall constitute wife's separate property.

3. **Husband and wife** ⬡270(5)—**Party who was plaintiff's husband at time of accident held necessary party plaintiff, in suit by wife for damages for personal injuries (Rev. St. 1925, art. 4619).**

Under Rev. St. 1925, art. 4619, relating to community property, party who was husband of plaintiff at time of accident *held* necessary party plaintiff, in action by wife for damages for personal injuries, since husband had half interest in right of action.

4. **Negligence** ⬡93(2)—**Wife injured in collision of automobile with interurban car held chargeable with negligence of husband driving.**

In action for personal injuries sustained in collision between automobile in which plaintiff was riding and interurban car, negligence, if any, of husband, driver of automobile, was defense to action, since right of action was community property of husband and wife.

5. **Street railroads** ⬡106½, New, 1927 Current Digest—**Electric railway's franchise contract, requiring compliance with ordinances, did not confer on injured traveler right to sue for breach of contract.**

Franchise contract between electric railway company and city, providing that electric railway company should comply with ordinances, did not confer on motorist injured in collision with interurban car right to sue for breach of contract, and admitting evidence of ordinances in suit by motorist against electric railway company was error.

6. **Negligence** ⬡83—**Doctrine of discovered peril defeats contributory negligence only when danger is imminent, actually discovered, and may be arrested.**

Doctrine of discovered peril defeats defense of contributory negligence on part of plaintiff only when danger arising therefrom is imminent and actually discovered by defendant and may be arrested by means at latter's command.

Appeal from District Court, Dallas County; T. A. Work, Judge.

Suit by Mrs. Nettie Hill and another against the Northern Texas Traction Company. From a judgment for plaintiffs, defendant appeals. Reversed and remanded.

Thompson, Knight, Baker & Harris, of Dallas, for appellant.

Miller & Godfrey and Geo. Sergeant, all of Dallas, for appellees.

PELPHREY, C. J. Appellee, joined by her husband, T. A. Lambert, originally filed this suit in the Sixty-Eighth district court of Dallas county, Tex., against appellant. She thereafter, under the name of Mrs. Nettie Hill (joined by her husband, R. H. Hill), filed her second amended original petition.

She alleged in said second amended petition that at the time of the original filing of the suit she was the wife of T. A. Lambert, but that since said filing she had been divorced from said Lambert and had married R. H. Hill, who was joined as plaintiff.

Appellee alleged that on or about October 24, 1923, appellant owned, operated, and controlled a system of interurban electric railway extending from the city of Dallas to the city of Fort Worth; that on said date while riding in an automobile driven by her then husband, T. A. Lambert, an interurban car, owned and operated by appellant, collided with said automobile, and as a result of such collision appellee suffered certain injuries.

Appellee more particularly alleged that appellant was guilty of negligence per se in that it had failed to keep the crossing in the condition required by the ordinances of the city of Dallas, and that the motorman failed and neglected to warn appellee as the ordinances required, and that the motorman failed to keep a proper lookout for vehicles approaching the crossing where the accident occurred.

Appellant answered by general demurrer, special exceptions to appellee's petition, general denial, and contributory negligence on the part of appellee and her then husband, T. A. Lambert. Appellee filed a supplemental petition containing special exceptions and a general denial. The case was tried before a jury, and resulted in a verdict in favor of appellee for $7,500. From a judgment on said verdict the Northern Texas Traction Company has appealed to this court.

Appellant bases its appeal on 34 separate propositions, all of which we deem it unnecessary to discuss.

[1-3] Appellant specially excepted in its first amended original answer to appellee's petition because T. A. Lambert, who was the husband of the appellee at the time of the accident, was not made a party plaintiff. This exception was by the court overruled, and appellant assigns error thereto. We agree with appellant in its contention and hold that T. A. Lambert was a necessary party plaintiff, and that appellant's exception should have been sustained.

The right to sue for damages for a tort is a chose in action and property, within the legal sense of that term. Ezell v. Dodson, 60 Tex. 331; 2 Bishop on Married Women, art. 271; Speer on Law of Married Women, art. 193. The right to sue, being property in the legal sense of the term, was the community property of appellee and T. A. Lambert, unless by law it is made her separate property.

Article 4615, Revised Statutes of 1925, reads as follows:

"All property or moneys received as compensation for personal injuries sustained by the wife shall be her separate property, except such actual and necessary expenses as may have accumulated against the husband for hospital fees, medical bills, and all other expenses incident to the collection of said compensation."

It is contended by appellant that this statute is in contravention of article 16, § 15, of the Constitution, and in support of its contention cites a decision of our Supreme Court in the case of Arnold v. Leonard, 114 Tex. 535, 273 S. W. 799.

The constitutional provision is as follows:

"All property, both real and personal, of the wife, owned or claimed by her before marriage, and that acquired afterward by gift, devise or descent, shall be her separate property; and laws shall be passed more clearly defining the rights of the wife, in relation as well to her separate property as that held in common with her husband. Laws shall also be passed providing for the registration of the wife's separate property."

As said by the court in Arnold v. Leonard, supra:

"But, the Legislature could not divest the husband of all interest in and to property which, under the Constitution, was guaranteed either to the community or to the husband's separate estate and use the same to enlarge the wife's separate estate beyond its constitutional limits. * * *

"It is a rule of construction of Constitutions that ordinarily when the circumstances are specified under which any right is to be acquired there is an implied prohibition against legislative power to either add to or withdraw from the circumstances specified. Koy v. Schneider, 110 Tex. 378, 218 S. W. 479, 221 S. W. 880; Dickson v. Strickland, 114 Tex. 176, 265 S. W. 1015; Ex parte [Vallandigham] Vallandingham, 1 Wall. 252 [17 L. Ed. 589]; Cooley's Constitutional Limitations, p. 99; 6 R. C. L. § 43. Hence, when the Constitution says that as to property, not owned or claimed by the wife at marriage, it becomes her separate property when acquired in one of three specified modes, the Legislature is prohibited from saying that property acquired after marriage in some other mode may also become the wife's separate property."

The court held in the above-cited case the acts of the Legislature, which undertook to make the rents and revenues from the wife's separate bonds a part of her separate property, invalid.

We think the same reasoning applies in the present case, and hold article 4615, R. S. 1925, to be unconstitutional. Article 4619, Revised Statutes 1925, reads as follows:

"All property acquired by either the husband or wife during marriage, except that which is the separate property of either, shall be deemed the common property of the husband and wife, and during coverture may be disposed of by the husband only."

By this article the cause of action, not being the separate property of either, became the community property of T. A. Lambert and appellee, vesting in each a half interest therein. Fort Worth & R. G. Ry. Co. v. Robertson, 55 Tex. Civ. App. 309, 121 S. W. 202; Id., 103 Tex. 504, 121 S. W. 202, Ann. Cas. 1913A, 231. Judge Dunklin so held in construing a similar statute in a dissenting opinion in the above case, and the Supreme Court agreed with his opinion in 103 Tex. 504, 131 S. W. 400, Ann. Cas. 1913A, 231. Therefore T. A. Lambert, having a half interest in the right of action, was necessary party plaintiff. Appellant pleaded contributory negligence on the part of T. A. Lambert, and appellee in her supplemental petition specially excepted to said plea on the ground that the negligence of the husband is not imputable to the wife.

[4] This exception was by the court sustained, and appellant assigns error to the court's action. If we are correct in our conclusion that the right of action was the community property of T. A. Lambert and appellee, then we must also conclude that the negligence of Lambert, if he was negligent, would be a defense to this action, for to hold otherwise would be to allow him to recover regardless of his own negligence. As was said by the Supreme Court in Gulf, C. & S. F. Ry. Co. v. James S. Greenlee et ux., 62 Tex. 344:

"Under the circumstances of this case it is quite clear that Mrs. Greenlee might well rely upon the prudence and caution of her husband in making the approach to, as well as crossing, the railroad. The correlative of the proposition is also true, that she would be bound by his negligence or want of due care."

See also Mo. Pacific Ry. Co. v. White, 80 Tex. 202, 15 S. W. 808.

[5] Appellant's eleventh, twelfth, thirteenth, fourteenth, and fifteenth propositions are to the effect that the trial court erred in refusing to sustain its special exceptions to that part of appellee's petition in which she pleaded certain ordinances of the city of Dallas and in permitting said ordinances to be introduced in evidence by her. The ordinances refer to, or at least a portion of them relate to, street railways and do not apply to interurban railroads such as the one owned and operated by appellant.

While it is true that the ordinance granting the franchise to appellant provides that the grantee shall fully and faithfully comply with all the provisions of the Dallas City Charter and the city ordinances now in existence, or which may be hereafter passed, and all regulations of the city council governing or relating to street railway companies, yet, under the holding of our Supreme Court in House v. Houston Waterworks Co., 88 Tex. 233, 31 S. W. 179, 28 L. R. A. 532, the franchise contract thus created would confer on appellant no right to sue for a breach of said contract by appellant.

[6] Appellant also complains of the charge of the court on discovered peril.

In the case of Morgan v. Railway Co., 108 Tex. 331, 193 S. W. 134, the Supreme Court held as follows:

"The doctrine of discovered peril defeats the defense of contributory negligence on the part

of the plaintiff only when the danger arising therefrom is imminent, is actually discovered by defendant, and may be arrested by means at the latter's command."

Any instruction on the question of discovered peril should conform to the above statement.

In our opinion, it is unnecessary to discuss the other assignments.

The judgment of the trial court is reversed and the cause remanded.