**BLACK et ux. v. LOWE.**

**No. 3321.**

Court of Civil Appeals of Texas. Beaumont.

Dec. 7, 1938.

Rehearing Denied Jan. 18, 1939.

K. W. Stephenson, of Orange, and Fred A. White, of Pt. Arthur, for plaintiffs in error.

Hollis M. Kinard, of Orange, and Wood & Morrow and Jno. C. Williams, all of Houston, for defendant in error.

O'QUINN, Justice.

We shall refer to plaintiffs in error as plaintiffs and to defendant in error as defendant, that being their respective attitudes in the trial court.

Plaintiffs sued defendant for damages caused by the death of Garrett Black, 17 year old son of plaintiffs, growing out of an automobile collision occurring on a public highway between the city of Orange and the town of Orange Field, in Orange County, Texas, on November 11, 1935.

The cause was tried to a jury upon special issues in answer to which they found: (a) That the car being driven by J. T. Stewart with whom said Garrett Black was riding at the time of the collision, was stopped on the right hand side of the center line marker of the highway when the collision occurred; (b) that there was sufficient room on the highway for defendant Lowe to have driven to the left of the Stewart car without colliding with same; (c) that defendant failed to drive his car to the left of the Stewart car, but that he was not guilty of negligence because of such failure; (d) that the collision was an unavoidable accident; (e) that the deceased, Garrett Black, was not guilty of contributory negligence; and (f) that plaintiffs were entitled to $1,500 actual damages for the loss of their son, Garrett Black, and $395 for funeral expenses, $100 medical services, and $40.50 hospital charges. On motion of defendant the court entered judgment for him. Motion for a new trial was overruled, and the case is before us on appeal.

In certain assignments plaintiffs complain of improper argument by defendant's attorney, as constituting reversible error. The argument complained of is that the attorney for defendant, in discussing the evidence relating to the special issues submitted to the jury as to whether defendant Lowe was negligent as charged by plaintiffs, told the jury, "Do not go out and in answer to questions submitted to you by the court, find Tom Lowe guilty of negligence and thereby brand him as a criminal", whereupon counsel for plaintiffs objected to said argument on the ground that same was outside of the record, unsupported by the evidence, unprovoked by counsel for plaintiffs, and was highly prejudicial to the plaintiffs and was made for the purpose of prejudicing the jury against the plaintiffs and that it did so prejudice them; and that the court should declare a mistrial of the cause because said argument was of such character that its effect could not be removed from the consideration of the jury by instructions from the court. The court sustained the objection to the argument, and instructed the jury not to consider the argument for any purpose, whereupon counsel for defendant, in the presence and hearing of the jury, excepted to the court's instruction to the jury not to consider the argument, and then proceeded

956

with his argument, saying: "I submit to you gentlemen of the jury, that if Tom Lowe went out there and negligently drove his automobile into Garrett Black and killed him that he violated the criminal laws of this state. He was guilty of negligent homicide and became subject to prosecution therefor." At this juncture counsel for plaintiffs again excepted and objected to said argument as made by counsel for defendant after the court had instructed the jury not to consider same, and asked the court to declare a mistrial and requested a full bill of exception, and the court stated to counsel for plaintiffs that he would give them a full bill. The objection by counsel to the argument last made was that said argument was not supported by the record, was not in reply to any argument of plaintiffs' counsel, unprovoked, prejudicial to plaintiffs, was made for the purpose of prejudicing the jury against plaintiffs and that same did so prejudice the jury, but the court refused to further instruct the jury, or to declare a mistrial. Plaintiffs have properly preserved their exception to the court's action in refusing to sustain their said objections and in refusing to declare a mistrial, by bringing same forward in the record by bill duly allowed. The court in approving the bill qualified same as follows: "The court is not hereby certifying that the said argument complained of was prejudicial to plaintiffs, and this bill of exception is qualified to this extent: the attorneys representing the plaintiffs did say in their argument, which preceded the argument complained of, that the facts showed that Tom Lowe was guilty of negligence".

"As explained and qualified, the above and foregoing bill of exception is approved and ordered filed as a part of the record in this cause, on this the 27th day of February, 1937," and officially signed same.

 We think the argument was improper, and the action of the court in permitting same to go to the jury was reversible error. After first sustaining plaintiffs' objection to the argument and instructing the jury not to consider same, counsel for defendant excepted to the action of the court and repeated his argument, and when plaintiffs renewed their objections the court then permitted the argument to go to the jury, which, we think, very likely caused the jury to conclude that the court had changed his mind as to the propriety of the argument, and that it was proper argument under the facts, and so refused to find defendant guilty of negligence in the premises because it might subject him to a criminal prosecution. They found defendant not negligent. This finding was very likely the result of the argument complained of. Moreover, this was a civil suit for damages caused, allegedly, by a civil tort. It was not a criminal proceeding, and the question of whether defendant had committed a criminal act was not an issue in the case. The defendant could be negligent so as to be civilly liable, and still have no criminal intent in performing the act complained of. The well settled rule is that in case of improper argument it must appear beyond a reasonable doubt that the argument was harmless, or the judgment will be reversed. We do not think it can be said that without doubt the instant argument was harmless.

Plaintiffs present other assignments, but as the matters complained of may not occur on another trial they will not be discussed. The judgment is reversed and the cause remanded for another trial.