## BENNETT et al. v. JACKSON et al.
### No. 2398.

Court of Civil Appeals of Texas. Waco.
Nov. 13, 1941.

Rehearing Denied Dec. 18, 1941.

Hudson & Hudson, of Pecos, Bower Crider, of Bastrop, and Martin, Moore & Brewster and Harris Brewster, all of Ft. Worth, for appellants.

Bradley & Bradley, Reed & Cannon, and L. W. Shepperd, all of Groesbeck, for appellees.

HALE, Justice.

Appellants, Mrs. Sam Bennett and others, instituted this suit in the County Court of Limestone County, Texas, against appellees, John Franklin Jackson and others, seeking to set aside the prior order of that court admitting to probate the purported will of Bennett Jackson, hereinafter referred to as the deceased. The action was based upon allegations that the will was not written wholly in the handwriting of the deceased and was not signed by him. From an adverse judgment in the County Court, appellants duly perfected their appeal to the District Court, where the case was tried de novo. The jury found on special issues submitted to them that the instrument (1) was wholly written in the handwriting of the deceased, and (2) was signed by him. Judgment was accordingly rendered on the verdict denying any relief to appellants and hence this appeal.

By numerous assignments of error, appellants assert that the judgment of the trial court should be reversed and the cause remanded because of improper arguments to

the jury. We shall not undertake any general discussion of the voluminous evidence in the case other than to say that in our opinion the same was sufficient to warrant the jury in finding for or against appellants on either of the two controlling issues of fact submitted.

There was testimony in the case which tended to show that prior to the time of trial counsel for appellants approached one of the counsel for appellees and requested permission to see certain cancelled bank checks bearing the genuine signature of the deceased in order that the signatures might be compared with the purported will, and such request was refused. It was shown by proper bill of exception that counsel for appellees, while discussing this testimony in his argument to the jury, used the following language: "I remember that it hasn't been so awfully long ago, Mr. Lattner, since your father was killed by a taxicab in Denton. I ask you if in the threatened suit that liked to have come about in that case after your mother had qualified as community survivor and had a right to all of those checks and all the papers of your father's, —had them in her legal custody,—if the lawyer on the other side had come in and demanded those papers, would you have given them to him? No, I know you would not have. And I remember from the days of this size (indicating) that old grand-dad of yours that had the map of Ireland all over his face, and I remember your daddy from days like that, and if your lawyer had opened up his papers and turned them over to the other side, you not only would have fired him, you would have fought him. I know of more than one man on this jury who would have."

■ The bill further shows that appellants objected to the foregoing argument at the time the same was made upon the ground that "it was outside of the record and was a personal appeal to an individual juror to consider his own experiences in arriving at a verdict in this case, and was prejudicial and inflammatory to the rights of the plaintiffs." Counsel seasonably requested the court to instruct the jury not to consider such argument, but the court overruled the objections and motion and to which ruling appellants duly excepted. Mr. Lattner was one of the jurors and was later selected as foreman. There is nothing in this case outside of the argument complained of which indicates that Mr. Lattner's father had been killed by a taxi-

cab in Denton or that there was a threatened suit that "liked to have come about in that case." The bill of exception does not contain any qualification and we can find nothing in the record which, in our opinion, would support the inferences urged or that would warrant the counsel in referring to one of the jurors by name, or that would justify any reference to the individual juror's father who had died "not so long ago," or to his widowed mother, or to his grandfather "who had the map of Ireland all over his face." We are therefore forced to the conclusion that the argument complained of was improper because it was outside of the record and was an appeal to an individual juror to consider his own personal experiences. Since the argument was highly inflammatory, we think it was reasonably calculated to prejudice the rights of appellants, and that the objections to such argument should have been sustained. Dixie Motor Coach Corp. v. Galvan, 126 Tex. 109, 86 S.W.2d 633; Texas & P. R. Co. v. Rea, 27 Tex.Civ.App. 549, 65 S.W. 1115; Dallas Ry. & Terminal Co. v. Smith, Tex.Civ.App., 42 S.W.2d 794; Orchin v. Fort Worth Poultry & Egg Co., Tex.Civ. App., 43 S.W.2d 308.

Appellants introduced V. A. Leonard as a witness in the case. He qualified as a handwriting expert. After comparing the admitted handwriting of the deceased with the purported will, he testified that in his opinion the will was neither signed by nor written in the handwriting of the deceased. In discussing the testimony of the witness, Leonard, counsel for appellees made the following argument to the jury: "How are you going to take a man's property away from him on that kind of testimony? (meaning V. A. Leonard's testimony) Let me tell you,—if that kind of court proceeding and that kind of testimony takes a man's property away from him that belongs to him as much as your house that you bought and paid for belongs to you,—if you have no more security in property ownership in this country than that, you had better go home and take your easy-seat and quit your activities and live perhaps a little longer and be certain nobody robbed you with a bunch of hired,—bought and paid for testifiers."

■ The bill of exception shows without qualification that appellants objected to the foregoing argument at the time the same was made upon the grounds that such argument "was improper, prejudicial and inflammatory, outside of the record and in-

formed the jury of the effect of their answers, and was an appeal to the jury to decide the issues on bias and prejudice, and on matters not in evidence, and was a personal appeal to the individual members of the jury to answer the issues upon their own personal experiences." Appellants seasonably requested the court in connection with their objections to instruct the jury not to consider such argument, but the court overruled the objections and motion and appellants excepted. We are of the opinion that this argument was improper and that the timely objections and motion with respect thereto should have been sustained. Southland Life Ins. Co. v. Norwood, Tex.Civ.App., 76 S.W.2d 166, error dismissed; Rutherford v. Dallas Joint Stock Land Bank, Tex.Civ.App., 91 S.W.2d 1182, error dismissed.

John Franklin Jackson was a cousin of the deceased and was the principal beneficiary under his purported will. There was evidence tending to show that he and the other appellees had been more intimately associated with the deceased during his lifetime than had appellants. In discussing this testimony before the jury, counsel for appellees used the following language: "I have a brother, gentlemen of the jury, that raised me and I have been with him all the days of my life. I have children, and if I should be fortunate enough to accumulate a little during my lifetime, it would go to my children, but, let me tell you, if it didn't go to my children, it would to his children. I have close relatives in Kentucky, some I have seen and some I haven't, but that relationship over there that I have never associated with,—they run their affairs and we out here run ours,— I never have thought about dividing my fortune up and giving it to anybody except those I have been close to and had dealings with and associated with all my life, and that is the feeling of everybody else in this court room, and the feeling of everybody else who has enough to divide. Who would give it to that bunch who were trying to sue W. T. Jackson, not a single one of them ever having lived in this country, in my opinion, and associated with and recognized by Bill Jackson. Do you want your relatives acting that way and never having a chance to get a look in if you had a billion dollars in money?"

Appellants objected to this argument at the time the same was made upon the ground that "it was outside of the record, not supported by the evidence, was improper, prejudicial and inflammatory, and was an appeal to the jury to decide the issues on matters not in evidence, and an argument telling the jury the effect of their answers." In connection with such objections, appellants requested the court to instruct the jury not to consider the argument, but the court overruled the objections and motion, and appellants duly excepted. There is no basis in the evidence to support the deductions and inferences complained of. We believe the argument was subject to the objections urged and that appellants' motion should have been sustained. Houston & T. C. R. Co. v. Long, Tex.Civ.App., 219 S.W 212; Texas Indemnity Ins. Co. v. Montgomery, Tex. Civ.App., 100 S.W.2d 385, error dismissed.

During the trial of the case, the judgments of the County Court admitting the purported will to probate and refusing to set the same aside were introduced in evidence and admitted by the court for jurisdictional purposes only, the court properly refusing to permit these judgments or any part of the same to be read to the jury. In the course of the arguments to the jury, counsel for appellees used the following language: "If it please the Court and you gentlemen of the jury, having heard the evidence in this case, you can now understand why this will was probated without protest down here in the County Court of this county,—how it stood for two years, almost,—lacking only twenty-two days of being two years,—without anybody questioning it,—how then that this suit was filed, —how that there have been—you can understand why that this case originally started by White & Yarbrough of Dallas, Texas, and Hudson & Hudson of Pecos, Texas, and White & Yarbrough came down here and tried it in the County Court, and the County Court refused to set aside the probate of the will, and why they are not here now,—you can understand it. You can understand why Hudson & Hudson are not here now."

Timely objections were urged to this argument on the grounds that "such argument was outside of the record, and asked the jury to consider the judgment of another court, on issues before them, and was prejudicial and inflammatory to the rights of the plaintiffs." In connection with their objections aforesaid, appellants requested the court to instruct the jury not to consider such argument, but the court

overruled the objections and motion, to which appellants excepted. We are of the opinion that the argument was improper and that the objections and motion with respect to the same should have been sustained. Belo v. Fuller, 84 Tex. 450, 19 S. W. 616, 31 Am.St.Rep. 75; City of Pampa v. Todd, Tex.Com.App., 59 S.W.2d 114; Dallas Joint Stock Land Bank v. Britton, 134 Tex. 529, 135 S.W.2d 981; Commercial Standard Ins. Co. v. McGee, Tex.Civ.App., 40 S.W.2d 1105.

It was shown that during the course of the arguments to the jury, one of the counsel for appellees stated: "These folks (meaning plaintiffs) not only are endeavoring in this lawsuit to take money that rightfully belongs to Franklin Jackson, but they are branding him as a forger,—they say this will is a forgery."

At another time the counsel for appellees stated to the jury: "And, in conclusion, gentlemen, it wont take you long when you go upstairs tonight to answer those two questions and I want you to bring down a verdict tonight and look that boy over there (meaning Franklin Jackson) in the face and say by that verdict: 'we know you are not a criminal and we know you didn't forge that instrument.'"

■ Objection was urged to the foregoing statements at the time when each was made, and upon the conclusion of the argument the court instructed the jury not to consider such statements. The bills show that appellants duly reserved their exception to the objectionable arguments, notwithstanding the court's ruling and instructions, on the grounds that the prejudice created in the minds of the jury by such arguments and the resulting injury to appellants could not be removed by the court's action. It was shown in the bills that a number of the jurors who sat in the case were personally acquainted with Franklin Jackson. We feel constrained under the entire record before us, to sustain the assignments urged to these arguments, even though the trial court instructed the jury not to consider the same. Barnes v. McCulloch, Tex.Civ.App., 53 S.W.2d 89; Hudson Ins. Co. v. McKnight, Tex.Civ. App., 58 S.W.2d 1088; Black v. Lowe, Tex. Civ.App., 123 S.W.2d 955.

We do not think any useful purpose would be served by further discussion, as the matters upon which other assignments are based will not likely arise upon another trial. We can not say that the improper arguments above quoted were harmless. Bell v. Blackwell, Tex.Com.App., 283 S.W. 765; Robbins v. Wynne, Tex.Com.App., 44 S.W.2d 946; McClintic v. J. D. Young Corp., Tex.Com.App., 66 S.W.2d 676. Therefore, the judgment of the trial court is reversed and the cause is remanded for another trial.