### W. W. CLYDE & CO. v. DYESS.
### No. 2378.

Circuit Court of Appeals, Tenth Circuit.
Feb. 26, 1942.

Rehearing Denied April 27, 1942.

Arthur E. Moreton and T. C. Hanson, both of Salt Lake City, Utah, for appellant.

Stewart M. Hanson, of Salt Lake City, Utah (D. N. Straup and Willard·Hanson, both of Salt Lake City, Utah, on the brief), for appelleé.

Before PHILLIPS, BRATTON, and MURRAH, Circuit Judges.

BRATTON, Circuit Judge.

Sada Dyess, a married woman, sued W. W. Clyde & Co. in the United States Court for Utah to recover damages for personal injuries. It was alleged that plaintiff and her husband were traveling by automobile eastward on a highway in Utah; that her husband was driving the automobile; that she was his guest and was occupying the rear seat; that a truck owned by defendant and operated by its agent was going westward on the same highway; that, due to the negligence of the defendant in the operation of the truck as the two vehicles were approaching each other, the automobile was forced off the highway and plaintiff suffered serious and permanent personal injuries. By answer, the defendant denied negligence in the operation of the truck; alleged negligence of the husband of plaintiff in the operation of the automobile, pleaded the law of Texas in respect to separate and community property of spouses; and pleaded that plaintiff and her husband were at the time of the accident engaged in a joint enterprise for themselves and their community property, that the negligence of the husband was imputable to plaintiff, and that she therefore could not recover.

The court submitted the case generally to the jury, and in addition certain special interrogatories were submitted. The jury found that the agent of defendant was negligent in the operation of the truck and that such negligence was a proximate cause of the accident; that the husband of plaintiff was negligent in the operation of the automobile and that such negligence was also a proximate cause of the accident; and that plaintiff was not negligent. A general verdict was returned for plaintiff, judgment was entered accordingly, and defendant appealed.

It is contended that the negligence of the husband in the operation of the automobile which was a proximate cause of the accident and resulting injury is imputable to plaintiff and precludes recovery on her part. Plaintiff and her husband are residents and citizens of Texas, and the law of that state is relied upon to sustain the contention. The community property system obtains there. Broadly stated, it is provided by statute that all property owned by either spouse at the time of marriage, that acquired afterwards by gift, devise, or descent, and the increase of lands thus acquired, shall constitute the separate property of such spouse; and that all property acquired by either during coverture, except that which is separate property of either, shall be deemed to be the common property of both. Revised Civil Statutes of Texas, arts. 4613, 4614, 4619, Vernon's Ann.Civ. St.Tex. arts. 4613, 4614, 4619. The right to recover damages for personal injuries is a property right in that state, and a chose in action for such injuries suffered by a married woman belongs to the community estate. Ezell v. Dodson, 60 Tex. 331; Texas Central Ry. Co. v. Burnett, 61 Tex. 638; Northern Texas Traction Co. v. Hill, Tex.Civ.App., 297 S.W. 778; Bostick v. Texas & P. Ry. Co., Tex.Civ. App., 81 S.W.2d 216. And recovery cannot be had in that state for personal injuries sustained there by a married woman if the negligence of her husband was a contributing cause, for the reason that such negligence on his part is imputed to her. Missouri Pac. Ry. Co. v. White, 80 Tex. 2025, 15 S.W. 808; Texas & Pac. Ry. Co. v. Rea, 27 Tex.Civ.App. 549, 65 S.W. 1115; Northern Texas Traction Co. v. Hill, supra; Bostick v. Texas & P. Ry. Co., supra; Dallas Ry. & Terminal Co. v. High, 129 Tex. 219, 103 S.W.2d 735.

But with rare exceptions matters relating to the right of action arising out of a tort which results in death, personal injury, or other wrong, are governed by the law of the place where the tort occurred. Nothern Pacific Railroad Co. v. Babcock, 154 U.S. 190, 14 S.Ct. 978, 38 L.Ed. 958; Slater v. Mexican National Railroad Co., 194 U.S. 120, 24 S.Ct. 581, 48 L.Ed. 900; American Banana Co. v. United Fruit Co., 213 U.S. 347, 29 S.Ct. 511, 53 L.Ed. 826, 16 Ann.Cas. 1047; Cuba Railroad Co. v. Crosby, 222 U.S. 473, 32 S.Ct. 132, 56 L.Ed. 274, 38 L.R.A., N.S., 40; Vancouver Steamship Co., Ltd., v. Rice, Administratrix, 288 U.S. 445, 53 S.Ct. 420, 77 L.Ed. 885; Young v. Masci, 289 U.S. 253, 53 S.Ct. 599, 77 L.Ed. 1158, 88 A.L.R. 170; Hunter v. Derby Foods, Inc., 2 Cir., 110 F.2d 970, 133 A.L.R. 255. And ordinarily where a tort is committed in one state and recovery of damages is sought in another, the substantive rights of the parties are governed by the law of the former while questions of remedy or procedure are referable to the law of

the latter. O'Neal v. Caffarello, 303 Ill. App. 574, 25 N.E.2d 534; Meyer v. Weimaster, 278 Mich. 370, 270 N.W. 715; Laughlin v. Michigan Motor Freight Lines, 276 Mich. 545, 268 N.W. 887; Sutton v. Bland, 166 Va. 132, 184 S.E. 231; Wood v. Shrewsbury, 117 W.Va. 569, 186 S.E. 294; Farfour v. Fahad, 214 N.C. 281, 199 S.E. 521.

■ This accident occurred in Utah and the suit was instituted there. The place of the wrong and that of the forum concurred. And the community property system does not obtain there. More than that, the material part of section 40-2-4, Revised Statutes of Utah 1933, provides in substance that the husband shall have no right of recovery for personal injuries to the wife, that the wife may recover for such injuries as though she were unmarried, and that the recovery shall include medical and other expenses paid or assumed by the husband. No case has been called to our attention in which the statute was construed. We are therefore obliged to proceed without direction or guidance by the supreme court of the state in respect to the meaning of the local statute. We think the statute, when fairly construed, embraces both substantive and remedial elements. It strips the husband of any right of recovery for personal injuries sustained by the wife arising out of the tort of a third person, and it vests in her the right to recover for such a wrong as though she were an unmarried woman. It places a married woman on equal footing with an unmarried woman in respect to redress for personal injuries growing out of a tort. It empowers a married woman to maintain in her own name a suit to recover for such injuries and it vests in her the recovery therefor to the same extent and for all purposes as though she were a single woman. Cf. Jacobson v. Fullerton, 181 Iowa 1195, 165 N.W. 358. And it fails to indicate any purpose to distinguish between residents and nonresidents of the state.

■ There is nothing in the law of comity among states or of public policy which requires Utah to give effect to the laws of Texas in derogation of its own laws in respect to the rights of a married woman, either substantive or remedial, for the recovery of damages for personal injuries growing out of a tort committed in that state. Subject only to review on any federal question which might arise,

Utah is free to fix by statute both the substantive and remedial rights of a married woman whether a resident or a nonresident concerning redress for such a wrong. This statute effectuates that purpose by authorizing her to maintain the action and vesting in her the recovery. The rule of law in Texas, which as an incidence of the community property system precludes a married woman from recovering damages for personal injuries suffered as the result of a tort of a third person where her husband was also guilty of contributory negligence because such negligence on his part is imputable to her, has no controlling application here. Cf. Texas & Pacific Railway Co. v. Humble, 181 U.S. 57, 21 S.Ct. 526, 45 L.Ed. 747; Traglio v. Harris, 9 Cir., 104 F.2d 439; Laughlin v. Michigan Motor Freight Lines, supra; Caleb Snashall and wife v. Metropolitan R. Co., 19 App.D.C. 399, 10 L.R.A. 746.

■ It is further contended that plaintiff and her husband were engaged in a joint enterprise and therefore his negligence in connection with the accident is imputable to her and precludes recovery. It is recited in the agreed statement of the case that plaintiff and her husband had been married sixteen years; that he owned an interest in a nursery business in Texas and was one of its proprietors; that the nursery did business in fifteen or sixteen states, including Utah; that he left Texas in the automobile for the purpose of making a trip through Colorado and Utah in furtherance of the business; that the journey also contemplated a pleasure trip or vacation after the business had been completed in Salt Lake City; that he invited plaintiff to accompany him as a guest; that he completed the work of the nursery business at Salt Lake City; that he and plaintiff, accompanied by their two minor children and others, left Salt Lake City for their pleasure trip into Colorado en route to their home in Texas; that the accident occurred while they were on the way; and that plaintiff had nothing to do with the business in connection with the trip or with the operation of the automobile. In order to constitute a joint enterprise there must be not only a community of interest in the objects and purposes of the undertaking but also equal voice or right of direction and control of the automobile. A guest having no share in the operation and control of the vehicle is not engaged in a joint en-

terprise with the operator. Trumpfeller v. Crandall, 130 Me. 279, 155 A. 646; Bloom v. Leech, 120 Ohio St. 239, 166 N.E. 137; Kokesh v. Price, 136 Minn. 304, 161 N.W. 715, 23 A.L.R. 643; Farthing v. Hepinstall, 243 Mich. 380, 220 N.W. 708; Churchill v. Briggs, 225 Iowa 1187, 282 N.W. 280; Scheuring v. Northern States Power Co., S.D., 294 N.W. 175; Meyers v. Southern Pac. Co., 63 Cal.App. 164, 218 P. 284; Long v. Carolina Baking Co., Inc., 190 S.C. 367, 3 S.E.2d 46; Hare v. Southern Ry. Co., 61 Ga.App. 159, 6 S.E.2d 65; Crescent Motor Co. v. Stone, 211 Ala. 516, 101 So. 49; Squyres v. Baldwin, 191 La. 249, 185 So. 14; Garrett v. Brock, Tex.Civ.App., 144 S.W.2d 408.

■■ It is the law in Utah that where joint owners of an automobile are traveling together in it at the time of an accident with resulting injury or damage, it will be presumed that they have joint right of control and therefore that the driver is operating it on behalf of himself and the other present owner or owners. Fox v. Lavender, 89 Utah 115, 56 P.2d 1049; Nielsen v. Watanabe, 90 Utah 401, 62 P.2d 117. But here it is recited in the agreed statement of facts that the husband testified that he purchased the automobile about a year prior to the time of the accident, and that he was the owner of it. Otherwise the record is silent on the question of ownership. And the parties stipulated that the statement of facts conformed to the facts and the truth. Under the agreed facts, the status of plaintiff was that of guest or invitee without voice or control over the automobile. Jackson v. Utah Rapid Transit Co., 77 Utah 21, 290 P. 970. There was no showing that she consented to or acquiesced in any mismanagement or neglect of her husband in the operation of it. His negligence is therefore not imputable to her. Jackson v. Utah Transit Co., supra; Balle v. Smith, 81 Utah 179, 17 P.2d 224; Caperon v. Tuttle, Utah, 116 P.2d 402, 135 A.L.R. 1399.

■ The remaining contention is that the automobile was the property of plaintiff and her husband and that such community of interest constituted joint enterprise. As previously said, plaintiff and her husband are residents of Texas, and the statutes of that state provide that all property acquired by either spouse during coverture is presumed to be the community of both; but that is only a re-buttable presumption, and here the parties stipulated in effect that while the property was acquired during coverture it belonged to the husband. The manner in which it was acquired or the source of the funds with which it was purchased was not shown. It may have been purchased with his separate funds acquired by gift, devise, or descent. The contention must fail for want of factual basis establishing community of ownership in the automobile.

The judgment is affirmed.