**Mamie K. BELL et al., Appellants,**

v.

**PHILLIPS PETROLEUM COMPANY et al., Appellees.**

No. 6393.

Court of Civil Appeals of Texas.

Amarillo.

March 22, 1954.

Rehearing Denied May 3, 1954.

Gano & Gano, Fort Worth, for appellants.

Gibson, Ochsner, Harlan, Kinney & Morris, Amarillo, for appellees.

NORTHCUTT, Justice.

This is an action brought by plaintiffs against the defendants for damages caused by an automobile collision. The plaintiff, Mamie K. Bell, and her husband, Charles B. Bell, had an automobile collision with one Clayton C. Graybill, an employee of Phillips Petroleum Company, from which collision Mamie K. Bell was injured and Charles B. Bell was so seriously injured he died a few hours thereafter. Mamie K. Bell, the surviving wife, and the other plaintiffs as the surviving heirs of Charles B. Bell, brought this suit for their personal damages. The case was tried to a jury upon special issues. The jury found that Clayton C. Graybill, driver of the Phillips automobile, failed to keep a proper lookout for the Bell automobile and that such negligence was a proximate cause of the collision in question. The jury found none of the plaintiffs were entitled to any recovery because of the death of Charles B. Bell. The jury found Mamie K. Bell did not fail to maintain that character or degree of lookout which would have been maintained

by a person of ordinary prudence similarly situated under the circumstances and conditions then and there existing and found that $15,000 would fairly and reasonably compensate Mamie K. Bell for the injuries sustained by her as a proximate result of the collision in question. The jury found Charles B. Bell guilty of acts of negligence and such acts to be a proximate cause of the collision. The trial court granted judgment for the defendants and Mamie K. Bell brings this appeal.

This appeal only involves the act of the trial court in granting judgment for defendants and in refusing to grant judgment for Mamie K. Bell upon the verdict of the jury wherein it found that the driver of defendants' car was guilty of negligence in failing to keep a proper lookout and that such failure was a proximate cause of the collision and resulting injuries. Appellant's assignment of error being as follows:

### "Point of Error"

"The trial court erred in overruling and denying the motion for judgment of the plaintiff, Mamie K. Bell, individually, and in sustaining the motion for judgment of the defendants and entering judgment thereon, thereby denying to such plaintiff recovery against such defendants, jointly and severally, in the amount found by the jury in her favor and in the amounts agreed upon between the parties during the trial without proof thereof, and in not entering judgment in her favor for such amounts,—for the reason that the negligence of her deceased husband is not imputed to her in bar of her individual and personal rights."

It seems to be the rule in most of the states that under the common law practice, where the husband is killed in the same accident in which his wife is injured, the right of action accrues to the wife in her own right and the contributory negligence of the husband does not preclude a recovery. By Article 4615 of Vernon's Civil Statutes of the State of Texas, it was attempted to make compensation for personal injuries

sustained by the wife to be her separate property but this statute has been declared unconstitutional. Northern Texas Traction Co. v. Hill, Tex.Civ.App., 297 S.W. 778; Teague v. Fairchild, Tex.Com.App., 15 S.W.2d 585.

The common law when not inconsistent with the constitution or laws of this state together with such constitution and laws is the rule of decision in this state. Since Article 4615 has been declared unconstitutional, it is of no further force and effect. The separate property of the wife must be determined by one of the four ways set out under Article 16, Section 15, of the Texas Constitution, Vernon's Ann.St., namely: Was the property owned or claimed by her before marriage, acquired afterwards by gift, devise, or bequest. It is well settled in this state that all other property acquired after marriage than that acquired as here stated is community property.

In this case Mr. and Mrs. Bell were riding in the same automobile and it was being driven by Mr. Bell. They were both injured at the same time and any rights they, or either of them, might have to recover for such injuries arose at the time of the collision. The chose in action or the right to sue for damages is community property in like manner, and the damages after recovery fall into the community. It is well settled in this state that where a wife is injured while riding with her husband and the husband is guilty of contributory negligence that she is barred from recovery. This rule is based upon the theory that damages recovered would be community property which would enure to the benefit of the husband whose negligence contributed to the accident. The Supreme Court in the case of Dallas Ry. & Terminal Co. v. High, 129 Tex. 219, 103 S.W.2d 735, at page 736, ruled:

"From the statement we have made, it must be assumed that the negligence of Mrs. Godwin's husband proximately caused, and contributed to cause, the injuries that produced her death. This

is because the jury so found on competent evidence.

"It is settled as the law of this state that where the wife is injured as the result of the negligence of her husband she cannot recover for such injuries. Missouri Pac. Ry. Co. v. White, 80 Tex. 202, 15 S.W. 808; Gulf, C. & S. F. Ry. Co. v. Greenlee, 62 Tex. 344; Northern Texas Traction Co. v. Hill (Tex. Civ.App.) 297 S.W. 778; Bostick v. T. & P. Ry. Co. (Tex.Civ.App. writ dismissed), 81 S.W.2d 216; Texas & P. Ry. Co. v. Rea, (Tex.Civ.App. writ refused) 27 Tex.Civ.App. 549, 65 S.W. 1115; 30 Texas Jur. p. 787, § 115, and authorities there cited."

We realize that it is a harsh rule to hold a wife cannot recover against a third party that is as equally of negligence as her husband upon the theory it would be permitting the husband to recover for his own wrong. The severity of this rule is well established in this case. Here the husband died approximately four hours after the collision. The wife is prohibited from recovering for her damages when all of her injuries were caused by the negligence of her husband and a third party and through no negligence of her own. The wife is equally interested in the community property with her husband —one-half of the community property belongs to her. Yet, because of the errors of her husband, although she is the one who is injured and suffers, she is deprived of all of her rights to recover.

However, it seems to be well settled in this state that where the wife is injured as a result of the negligence of her husband she cannot recover for such injuries and also well settled that the negligence of the husband in an accident for personal injuries his right is imputed to the wife. As it is stated in the case of Bostick v. Texas & P. Ry. Co., Tex.Civ.App., 81 S.W.2d 216, 217:

"It seems to be the settled rule of law of this state that the recovery for personal injuries to the wife constitutes community property. Ezell v. Dodson, 60 Tex. 331; Texas Central Ry. Co. v. Burnett, 61 Tex. 638; Feille v. San Antonio Traction Co., 48 Tex. Civ.App. 541, 107 S.W. 367, 369; Texas Law Review, Issue of February, 1935, p. 177. It is equally as well settled that the negligence of the husband in an action for personal injuries to the wife is imputed to the wife. Missouri Pacific Ry. Co. v. White, 80 Tex. 202, 15 S.W. 808; Northern Texas Traction Co. v. Hill (Tex. Civ.App.) 297 S.W. 778; Teague v. Fairchild (Tex.Com.App.) 15 S.W. 2d 585."

■ We are unable to distinguish any difference in the rights of the wife in this case after the death of her husband and before his death. If she cannot recover damages solely because the acts of the husband would enrich the community in the amount of such damages, then his death alone would not change such damages from its original status of community property.

To sustain the appellant's theory, we would hold that the right of the wife, as to her cause of action, arises immediately upon the happening of the collision causing her injury, but remains unenforceable and suspended during the life of her husband, but upon his death the action is revived and becomes vested in the wife. It is true in this case the husband only lived a few hours after the collision but the reasoning would have equal force when death resulted a year or more afterwards. Under such circumstances to permit the wife after the death of her husband to become completely vested with the right to sue would bring about a condition inconsistent with any principle of law.

Since the rule seems to be well settled in this state that where the wife is injured as a result of the negligence of her husband she cannot recover for such injuries, the judgment of the trial court is affirmed.