title to the goods did not pass in the absence of actual delivery.

*Lazarus Goldstein, Charles J. McDermott* and *Arthur D. Fisher* for appellant.

*William R. Page* for respondent.

Judgment affirmed, with costs, on the ground that under rule 5 of section 100 of the Personal Property Law the property in the goods did not pass to the buyer; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND and McLAUGHLIN, JJ. Dissenting: HOGAN and CRANE, JJ. Absent: ANDREWS, J.

---

FRIEDA FRANK, Appellant, *v.* VICTOR MULLER, Respondent.

*Negligence — streets — fall upon sidewalk from stepping on banana peel — owner of abutting property not bound to keep walk clean — speculation that peel might have been dropped from barrels of refuse removed from building by janitress.*

*Frank* v. *Muller*, 200 App. Div. 639, affirmed.

(Argued January 24, 1923; decided February 27, 1923.)

APPEAL from a judgment, entered April 18, 1922, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment in favor of plaintiff entered upon a verdict and directing a dismissal of the complaint in an action to recover for personal injuries alleged to have been sustained by plaintiff through the negligence of defendant. Plaintiff while walking on the sidewalk in front of premises owned by defendant slipped on a banana peel and fell, receiving the injuries complained of. There was evidence that tenants in the building were in the habit of throwing orange and banana peels upon the sidewalk; also that upon the morning in question the janitress had taken out some very full barrels of ashes and garbage. The Appellate Division held that failure to clean the walk did not render the landlord liable and that in the absence of evidence that any banana peel slipped from the barrels there was no proof but merely speculation that the peel

upon which plaintiff slipped was there by the affirmative act of the janitress.

*Julius F. Newman* for appellant.

*Moses Jaffe* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MCLAUGHLIN and CRANE, JJ. Absent: ANDREWS, J.

---

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* BENJAMIN TRAKTMAN et al., Defendants, and THE CITY OF NEW YORK, Appellant.

*State — real property — title — annulment of letters patent — provision of judgment giving city lien upon premises for unpaid taxes erroneous.*

People v. *Traktman*, 201 App. Div. 864, affirmed.

(Argued January 24, 1923; decided February 27, 1923.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered May 12, 1922, reversing, so far as appealed from, a judgment entered upon a decision of the court at a Trial Term without a jury, which annulled certain letters patent granting lands under the waters of the East river, but adjudged that the city of New York had a lien upon the premises for unpaid taxes. The judgment of the Appellate Division struck out the provision with respect to the lien for taxes, holding that " under the letters patent the possibility of reverter was vested in the state of New York. This interest or estate could not be cut off or diminished by any act by the city of New York. When the state vacated the letters patent and re-entered for a condition broken, it became seized of its first estate and all intermediate liens and incumbrances were thereby avoided."

*John P. O'Brien, Corporation Counsel (Charles J. Nehrbas* of counsel), for appellant.

*Charles D. Newton, Attorney-General (Anson Getman* of counsel), for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MCLAUGHLIN and CRANE, JJ. Absent: ANDREWS, J.