## COLLIER v. RIVES.

### No. 9925.

Court of Civil Appeals of Texas. San Antonio.

March 3, 1937.

On Rehearing March 31, 1937.

Jones & Kirkham and John J. Pichinson, all of Corpus Christi, for appellant.

R. H. Mercer, of San Antonio, for appellee.

SMITH, Chief Justice.

Lutie Collier and her husband, Jim J. Collier (now deceased), were residents of the city of Corpus Christi at the time of the accident involved in this case. Their friend, Mrs. Willie Barlow, resided with the Colliers in the latter's home, apparently as their guest. The Colliers owned an automobile, but as she was partially deaf, Mrs. Collier did not ordinarily drive the car, nor had she done so for several years. Her husband had directed her not to drive it, because he regarded it unsafe to do so on account of her infirmity. At the time of the accident she had not driven it at all during the past six months. She was familiar with the car, however, and knew how to operate it. Mrs. Barlow, the guest, often drove the car, upon Mr. Collier's leave to do so, and often in such use she would take Mrs. Collier in the car with her.

The Colliers and Mrs. Barlow had their Christmas dinner together in the Collier home, on Christmas Day, 1934. It was late in the afternoon when they finished dinner; they had remained indoors all day. They were sitting about the house after dinner, when Mrs. Barlow remembered that a friend of hers, resident of a distant city who was visiting her mother, who lived in another part of town from the Colliers, expected to return to her home the next morning. Mrs. Barlow wanted to see this nonresident friend and bid her good-bye before she left the city. So, as was customary, she asked Mr. Collier if she could use the Collier car in going to bid her friend good-bye. Mr. Collier gave his assent. Mrs. Barlow proceeded to get ready to leave, and when ready she called to Mrs. Collier and asked her if she would not like to go along, so that together they could "get out"—they had been indoors all day—and visit the departing lady, who was likewise a friend of Mrs. Collier's. The latter assented; they got in the car, with Mrs. Barlow, as usual, at the wheel, and went on their way. They stopped en route on some personal errand of Mrs. Barlow's. Then they called and said good-bye to their friend. When they left the friend, Mrs. Collier assumed that they would go on back towards home, and when Mrs. Barlow turned in another direction, Mrs. Collier inquired where she was going, when Mrs. Barlow said she was going by Mr. Collier's downtown office to leave the car for him to drive home, or to take him home. On the way to town, upon that errand, the car was in a collision with a taxicab driven by one Homer Faber, for its owner, J. H. Rives. Mrs. Collier was injured, and afterwards brought this suit for damages from Rives. The trial was to a jury, who returned answers to an almost fabulous number of special issues relating to the negligence charged by each party against the other. The trial judge, however, disregarded and looked beyond the jury findings and rendered judgment denying recovery to Mrs. Collier, upon the theory that she and Mrs. Barlow were joint adventurers, as a matter of law, and that the negligence of the latter was imputable to the former. That ruling presents the controlling question on this appeal.

Let us lay out of sight, for a moment, the fact that the car was the community property of Mrs. Collier and her husband, and consider Mrs. Collier's status from the remaining standpoint. Mrs. Barlow had borrowed a car for the purpose of going upon a personal errand in her own behalf. She got fully ready to start upon her journey, when, apparently as an afterthought, she invited her friend, Mrs. Collier, to go with her upon the errand. Mrs. Collier assented and they set forth in the car, driven by Mrs. Barlow. It is elemental that in such case the status of Mrs. Collier was purely that of a guest. They were upon Mrs. Barlow's errand, albeit it was a pleasing one alike to both ladies. They went in a car borrowed by Mrs. Barlow, upon her own responsibility, for her own pleasure, and certainly under her own control and to be operated in her own way, without interference from her guest. In such situation, according to all the authorities, the negligence of Mrs. Barlow in her manner of operating the car would not be imputed to Mrs. Collier, the guest. Would the bare fact, then, that the car was the community property of Mrs. Collier and her husband

change her status, so that the negligence of Mrs. Barlow would be imputed to her, as a matter of law?

■ Under our statute, and the decisions thereon, the car, being the community property of the Colliers, was under the exclusive control of Mr. Collier. He could barter, sell, exchange, or give it away. He could rent it, or lend it, at will, without the consent of his wife, and thereby deprive her of the use and control of it—harsh as that may seem in these enlightened times. In this case he did lend it to Mrs. Barlow to enable her to visit her friend in another part of the city, and thereby passed the possession and control of it to her for the time being, even to the exclusion of Mrs. Collier. The fact that afterwards Mrs. Barlow invited Mrs. Collier to go with her on the planned errand, and that Mrs. Collier accepted and accompanied her, did not have the effect upon Mrs. Barlow of surrendering the possession and control vested in her by Mr. Collier, nor did it clothe Mrs. Collier with any degree of control. Mrs. Collier became, and remained, a mere guest of the person in lawful and exclusive control, as if the latter was sole owner of the vehicle. And Mrs. Collier having accompanied Mrs. Barlow upon the latter's invitation and upon the latter's own personal errand, she may not, within reason, law, or justice, be charged with the negligence of her hostess.

■ We conclude, therefore, that the court erred in holding, as a matter of law and in the absence of jury findings thereon, that Mrs. Collier was a joint adventurer with Mrs. Barlow, the driver of the car, and that the negligence of the latter was imputable to the former, and in denying recovery to Mrs. Collier upon that holding. The question of joint adventure is determinable from the facts of each case. If the evidence raising those fact issues is conflicting, it must be resolved by a jury, in jury cases. If the evidence in such cases is undisputed and all one way, then, and then only, may the trial judge assume and give effect to the fact so established. The record here does not present such a case as warranted the trial judge in assuming as a matter of law that Mrs. Collier was a joint adventurer with Mrs. Barlow.

■ But certainly it may not be said, in any event, that if the evidence did not show, as a matter of law, that Mrs. Barlow and Mrs. Collier were not joint adventurers and that the negligence of the former was not imputable to the latter, then, at the least, the evidence raised that issue as one of fact. In such case the burden rested upon appellee to request the submission of that issue to the jury, and to elicit jury findings thereon, and not having done so, appellee waived the right to that defense in the case. In that situation, the trial judge should have rendered judgment for appellant in the amount the jury found she had been damaged by reason of her injuries. It therefore becomes the duty of this court to here render the judgment that should have been rendered below, and that will be done, unless appellant shows, by cross-assignments of error that the cause must be remanded.

Appellee brings forward several cross-assignments of error as reasons why in his view the judgment, if reversed, should be remanded, rather than rendered, but there is no merit in those cross-assignments, which must be overruled.

Accordingly, the judgment will be reversed and, as the facts in the case appear to have been fully developed, judgment will be here rendered that appellant recover of appellee the principal sum of $5,717, together with interest thereon at the rate of 6 per cent. per annum from the date of the judgment below, to wit, October 23, 1935, and all costs of suit.

Reversed and rendered.

On Appellee's Motion for Rehearing.

We have concluded that we were in error in rendering judgment, rather than remanding the cause.

■ A re-examination of the record, and of the authorities, convinces us that appellee was improperly denied his right to have the jury find upon the issue of sole proximate cause, induced by the conduct of a third party, and was improperly required to assume the burden of negativing the existence of sole proximate cause in such case. These matters were properly raised by appellee's cross-assignments of error, which must be sustained. As these matters, as well as others raised by cross-assignments of error, are not likely to arise upon another trial, they need not be discussed here.

Appellee's motion will be granted in part, and the judgment reversed and the cause remanded.