## HOOTEN v. CITY OF GATESVILLE.

### No. 2109.

Court of Civil Appeals of Texas. Waco.

June 8, 1939.

Rehearing Denied July 20, 1939.

Bryan & Maxwell and Stansell Bryan, all of Waco, Robt. W. Brown, of Gatesville, and Jim Weatherby, of Kerrville, for appellant.

Tom R. Mears, of Gatesville, for appellee.

ALEXANDER, Justice.

This suit was brought by Lillie Mae Hooten against the city of Gatesville for damages for personal injuries sustained by her as the result of being thrown from an allegedly defective miniature hand propelled Ferris wheel in a park owned and operated by the city of Gatesville. At the conclusion of the evidence the court instructed a verdict for the defendant. The plaintiff appealed.

Appellee contends that an instructed verdict in its favor was proper because there was no evidence to establish negligence on the part of the city. The city of Gatesville owned and operated a municipal park in which a playground for children was maintained. One Chamlee, a private citizen, at his own expense, constructed the miniature Ferris wheel in question and placed it in the park playground. It had been in the park approximately two years at the time the accident occurred. The plaintiff, in describing the Ferris wheel and the manner in which the accident occurred, alleged that the Ferris wheel "consisted in the main of two large iron pipes the bases of which were sunk into the ground and were several feet apart; these iron pipes were connected at the top with a horizontal bar; this horizontal bar was the axis for a rectangular carriage on the top and bottom of which was attached metallic seats and that this rectangular carriage revolved around the axis mentioned; and when said carriage revolved, as one seat was near the ground, the other was the full length of the

rectangular carriage and more from the ground. Plaintiff would further show to the court that attached to one of the upright base pipes and about twelve or fifteen inches from one of the rectangular bars there was attached a stop bar which could be raised to a vertical or lowered to a horizontal position and when the same was in a horizontal position it acted as a stop or brake against the rectangular carriage and when said stop bar was in a horizontal position the rectangular carriage could not pass same except when force was applied; and that said stop bar was attached to a hinge and that said stop bar and the hinge was constructed in such manner that said stop bar could drop to a horizontal from a vertical position without the application of force; and in this connection the plaintiff would show that when the stop bar was removed about ¾ of an inch from the upright it would fall into a horizontal position instead of back against the upright posts." Plaintiff further alleged that while she and a friend were riding in the Ferris wheel, the stop bar fell to a horizontal position, thereby acting as a brake against the carriage; that the sudden application of the brake caused the carriage to jerk and that as a result she was thrown from the seat to the ground and injured.

There was evidence that on the occasion in question the plaintiff, who was twenty-two years of age, and Miss Drew, who was eighteen years of age, were riding in the Ferris wheel while same was being propelled by a young man companion. None of the parties noticed the position of the stop bar at the time they began to ride on the Ferris wheel. They had been riding for a few minutes when the plaintiff became frightened and began to scream. About that time there was a sudden jerk in the machine, and as a result, the seat, in which the plaintiff was riding was caused to be turned partly over and plaintiff was thrown to the ground. After the accident the stop bar was found to be in a horizontal position so as to form a brake on the carriage. No one saw the stop bar fall, but we think the evidence was sufficient to justify the inference that it fell or was caused to fall into a horizontal position while the machine was in operation, thus causing the jerk which threw the plaintiff from the seat. There was no evidence whatever to show what caused the stop bar to fall in position. The plaintiff's own testimony showed that when the stop bar was in an upright position so that it would not act as a brake on the carriage, it leaned backward about ¾th of an inch and rested against an iron post, and consequently force had to be applied to it in order to cause it to fall into a horizontal position and stop the carriage.

In order to render the city liable, the burden rested on the plaintiff not only to prove that the machine was defective, which defect caused the injury, but that the defect was caused by the city or its agent or that it had notice of the defect and had a reasonable time or opportunity to correct it. 39 Tex.Jur. 709. No one testified that the machine was in a defective condition. The only circumstance tending to show that it was defective was the mere fact that the bar fell, or was caused to fall, into position while the machine was in operation. But, as stated above, plaintiff's own testimony showed that when the bar was in an upright position it leaned slightly backward and therefore could not fall into a stop position of its own volition. We are left to speculate as to what caused the bar to fall. If normally it leaned backward and would not fall without force being applied to it, as shown by plaintiff's testimony, it is reasonable to assume that some one of those using the machine struck the bar and caused it to fall. A mere suspicion or speculation is insufficient to justify a judgment in favor of a plaintiff. We think the plaintiff failed to establish that any defect in the machine caused the accident. Moreover, there was no evidence to show that the city had any actual notice of the defect, if any, or that it had existed so long that the city should have discovered and remedied it. No one undertook to testify that any representative of the city knew of any defect in the machine. One of the city's aldermen testified that the wheel had been in the park for about two years and that so far as he knew it was in the same condition as it was when installed. Although it had been in use two years, there was no evidence that it had acted in the manner here complained of on any former occasion. We have concluded that the evidence is insufficient to show any negligence on the part of the city, and that the trial court properly instructed a verdict for the defendant.

The judgment of the trial court is affirmed.