## KIRKMAN et al. v. BROWN & DERBY MFG. CO. et al.

### No. 13093.

Court of Civil Appeals of Texas. Dallas

Oct. 31, 1941.

Rehearing Denied Nov. 28, 1941.

Lee R. Stroud, of Kaufman, and E. P. Bryan, of Dallas, for appellants.

Harris & Palmer, of Dallas, for appellees.

BOND, Chief Justice.

This is a damage suit based on negligence. The alleged acts of negligence are (1) the defendants, three in number, jointly or severally, permitted and caused glass to be placed in a public alleyway, in disregard of the rights of the traveling public; and (2) in violation of Art. 889 of the 1920 Code of the City of Dallas, and of Art. 1347 of the Penal Code of Texas, making it a penal offense to throw glass into a public road, street or alley. At the conclusion of plaintiffs' testimony, on motion of defendants, the cause was taken from the consideration of the jury and judgment rendered in favor of defendants. The action of the court was evidently based upon the ground that plaintiffs' suit was not sustained by evidence. We think the court could not have done otherwise.

The testimony is that Fletcher Kirkman, the small son of Fannie Kirkman, a widow, sustained injury to his foot by stepping on a piece of glass in a public alleyway, adjacent to Brown & Derby Manufacturing Company's plant in the City of Dallas, Texas. There is in evidence no description of the glass to show that it came from the company's plant, or that either of the defendants threw the glass, or caused it to be thrown into the alley. The evidence raises a remote suspicion that, perhaps, the glass might have come from a tub or basket filled with glass, at or near a gate leading into the company's premises; and that, maybe, the glass rolled off the tub or basket into the alley; also that the little boy stepped upon glass that had rolled off the tub or basket. The further suspicion may have been raised that, because the defendant company was engaged in a manufacturing business that required the use of bottles, and some bottles and pieces of broken glass were, at the time of the injury, in the

company's yard, some of it, perhaps, found its way into the alley.

The pertinent testimony, offered to prove the negligence of defendants, follows: G. R. O'Neill testified, in effect, that when he went into the alley, the little boy was sitting down about six feet from the fence, near a gate opening into the manufacturing company's lot; that he was picking something out of his foot; that witness took him home and saw his mother pick some glass out of his foot. Testifying further, the witness said: "I have noticed this alley along next to the Brown Derby Company and there is lots of glass there. * * * That alley has been a public alley in the City for 30 years. * * * There are broken bottles in that alley." Appellant Fannie Kirkman testified that she was familiar with the location of the alley and Brown & Derby's fence and building; that the company keeps glass, in large quantities, in its place of business; that along near the gate into the alley, she noticed, setting south of the gate, some tubs or buckets "full enough to be running over and falling off." She also testified: "Up until the injury of this child glass was put out there, and, if I am not mistaken, the trash man made that on Mondays and Wednesdays and the glass would be put out there the evening before and stay there until the trash man got it; the tubs would just set there and I have seen times that they would stand there and the glass would be broken and fall out of the tubs and didn't roll away. It was the City trash man that hauled the glass away; his name was Tom Ship."

■ Manifestly, taking the evidence in its most favorable light, it falls far short of proving the alleged negligence. There is no evidence that any of the defendants violated any duty or breached any law, penal or otherwise. The evidence merely reveals that the company's place of business was located alongside an alley in the City of Dallas, and that there were broken bottles and glass in the alley. There is no evidence that any of the defendants put the glass in the alley, or caused broken bottles to be there. There is nothing in evidence to connect defendants with the glass that caused the boy's injury. Plaintiffs merely piled presumption upon presumption in their effort to fasten guilt of negligence upon the defendants. No witness testified that he saw either of the defendants, their agents, servants or employees, put glass or broken bottles in the alley, or even in the tubs and buckets. Furthermore, assuming that the tubs and buckets contained broken bottles and glass, that these defendants, or some of them, placed the tubs or buckets in the alley, and that glass fell from the tubs or buckets and rolled approximately six feet further into the alley, still it must further be presumed that Fletcher Kirkman cut his foot upon a piece of glass from the tub. We think plaintiffs utterly failed to prove the essential facts to establish negligence on the part of defendants; therefore, there being no evidence to support the material issues alleged by plaintiffs, the court properly withdrew the cause from the jury and entered judgment for defendants. A verdict may be directed where the evidence wholly fails to prove a material fact essential to the right of recovery.

The judgment of the court below is affirmed.