### BRINLEE v. TAYLOR GRAIN CO.
### No. 13296.

Court of Civil Appeals of Texas. Dallas.
Nov. 27, 1942.

Gullett & Gullett, of Denison, and Webb & Webb, of Sherman, for appellant.

Maxey & Freeman and Joe A. Kéith, all of Sherman, for appellee.

LOONEY, Justice.

W. C. Brinlee sued Taylor Grain Company, a corporation engaged in the grain business in the City of Van Alstyne, to recover damages for alleged injuries sustained by his wife, Ina Cecile Brinlee, resulting from a fall on the sidewalk, caused by the alleged negligence of the Company in placing cobs thereon; also in permitting them to remain, covered with dirt, upon which plaintiff's wife stepped, the cobs rolling under her feet, causing her to fall with great force.

On submission to a jury, the defendant was convicted of actionable negligence in two respects: (1) That the cobs causing Mrs. Brinlee's fall were placed upon the sidewalk by an employe of defendant Company; and (2) that the Company permitted cobs to remain on the sidewalk upon which Mrs. Brinlee stepped, causing the fall and resultant injuries. The defendant moved for judgment non obstante veredicto. Pending action on the motion, Mr. Brinlee died, and, on suggestion of his death, Mrs. Brinlee, in her own right and as administratrix of the estate of her deceased husband, was permitted to prosecute the suit as plaintiff; after which, the court sustained defendant's motion for judgment non obstante veredicto, from which plaintiff appealed.

Subject to the action of the court on its motion for judgment non obstante, the defendant moved for a new trial, based upon alleged misconduct of the jury, with reference to which plaintiff conceded that the motion was well taken and agreed that in the event the judgment below was set aside, the cause should be remanded for further proceedings.

The only question presented is, did the evidence raise a submissible issue? In answering the question, we recognize that only the testimony supporting plaintiff's contention should be considered. See Chicago, etc., Co. v. Frederick, Tex.Civ.App., 74 S.W.2d 275, writ refused. The record discloses that defendant's plant occupies a block in the City of Van Alstyne, bounded on the east by Main Street and on the north by Preston Street; that about midway the block, 75 ft. south of the intersection of the streets named, defendant's office is located, having a canopy that extends over the sidewalk; that about 20 ft. north of the office building, a driveway crosses the sidewalk, enters defendant's premises, runs west past three silos or grain tanks, by a grain elevator, then turns northward and enters Preston Street. It was at the point on the sidewalk where this driveway crosses that Mrs. Brinlee testified she fell and was injured. Immediately south of the office, a railroad spur enters defendant's premises, crossing over the sidewalk; and just south of the spur track, another driveway crosses the sidewalk, runs west to the place where defendant conducted its corn-shelling operations. The latter driveway, it seems, was used in hauling corn to the sheller and in hauling cobs away, when and as sold. Cobs from the sheller were piled on the lot at a place south of the spur track and about 75 to 85 ft. west of the sidewalk on Main Street. The defendant sold cobs to those desiring same; some were delivered by its employes in its vehicles used for that purpose, but the larger portion was sold to persons who hauled them away.

We fail to find any evidence of probative value showing that the driveway

crossing where Mrs. Brinlee fell was used by vehicles hauling cobs from defendant's premises; it would be unreasonable to assume that such a circuitous route would have been adopted for that purpose, as the cobs were kept piled on the south or southwest portion of the lot where they were readily accessible to vehicles using the southernmost driveway. We also fail to find in the record any evidence showing that vehicles loaded with cobs had been seen near defendant's premises within a month or six weeks prior to the accident in question, and no one testified that any employe of the defendant had ever placed cobs on the sidewalk. ° So, we conclude that the evidence failed to raise an issue as to whether or not the defendant Company, through an employe, placed cobs upon the sidewalk at a point where plaintiff fell, and that the answer of the jury, convicting the defendant of actionable negligence in that respect, was unauthorized by any evidence of probative value.

But did the evidence raise a submissible issue as to whether the defendant Company was guilty of negligence in permitting cobs, causing the fall of Mrs. Brinlee, to remain on the sidewalk? As stated, we have reached the conclusion that there was no evidence of probative value showing, or tending to show, that the cobs causing the fall of Mrs. Brinlee were placed there by any agent or employe of the defendant; but by whom the cobs were placed there and the length of time they had remained before Mrs. Brinlee fell, is not clear, although we think the most reasonable conclusion from the evidence is that children at play were responsible for cobs, covered with dirt, being upon the sidewalk at the time and place where Mrs. Brinlee fell. They could have obtained cobs for such purpose either from defendant's lot, or from the premises of a nearby warehouse that kept ear corn on storage. Mrs. Miller, who resided on Main Street, two doors north of the defendant's place of business, testified that she saw Mrs. Brinlee fall at a place on the sidewalk where, the day before, some children were

playing with corn cobs. Although Mrs. Miller and Mrs. Brinlee did not agree as to the exact place on the sidewalk where the latter fell, yet she fell but once, and we think it evident that both were testifying in regard to the same accident. It was not shown that anyone connected with defendant Company had any knowledge of the existence of cobs upon the sidewalk where Mrs. Brinlee fell.

■ It is well established that an abutting property owner is under no obligation to keep abutting sidewalks in repair, that being the duty of the municipality in which the sidewalk is located. Shearman & Redfield on Negligence, 1941 Ed., 2nd Vol., p. 840, § 347, announced the following doctrine: "In view of an erroneous ·but rather common impression in which judges as well as lawyers have at times shared, it seemingly is worthy of emphasis that as a general rule an abutting owner may not be held responsible for a sidewalk condition not caused by himself." This doctrine, it seems, is prevalent generally. In Grapotte v. Adams, 130 Tex. 587, 111 S.W.2d 690, 691, our Supreme Court said: "Under the above record, the Court of Civil Appeals holds, as a matter of law, that no cause of action exists against the defendant. In so holding, the Court of Civil Appeals reaffirmed the well-established rule of law that a sidewalk is a part of the street and the duty to exercise ordinary care to maintain such sidewalk in a reasonably safe condition for the use of the public rests upon the city, and not upon the abutting property owner." Also, see Kirkman v. Brown & Derby Mfg. Co., 156 S.W.2d 310, by this Court; Frieda Frank v. Victor Muller, 235 N.Y. 540, 139 N.E. 726; Robrish v. Snyder, 252 Mass. 92, 147 N.E. 551.

■ It follows from what has been said that we are of opinion the evidence failed to raise a submissible issue, therefore the court did not err in sustaining the motion of defendant for judgment non obstante veredicto; hence the judgment below is, affirmed.

Affirmed.