## WRIGHT v. WRIGHT.

### No. 6435.

Court of Civil Appeals of Texas. Texarkana.

March 17, 1949.

Rehearing Denied April 7, 1949.

Fulbright, Crooker, Freeman & Bates, Jno. C. Williams and L. Keith Simmer, Houston, LeRoy Neal, Gladewater, for appellant.

Helm & Jones, John L. Hill, Jr., W. J. Kronzer, Jr., Houston, for appellee.

LINCOLN, Justice.

This was a divorce suit filed by appellant, Frank L. Wright, on April 1, 1948. His wife, Ruth Helen, had been living with W. F. Blackmon at Houston, under his name, since their separation in 1946.

In addition to a general denial, she specially pleaded in her amended answer filed June 10, 1948, that she had a suit in damages for personal injuries pending in the District Court of Harris County allegedly received by her while a passenger of Pioneer Bus Company. She prayed that this cause of action be awarded to her as her sole and separate property.

Under a pleading filed on June 17, 1948, the appellant alleged that since the separation he had continued to manage the community estate of himself and wife, and as such manager he settled the appellee's lawsuit with the Pioneer Bus Company on May 20, 1948, for $485, and that he had executed and delivered a release to the bus company on the cause of action alleged by appellee. By reason of this he denied that there was any cause of action existing

and that all the community property of the appellant and appellee consisted of this money, $485.

In a trial to the court divorce was awarded to the plaintiff, with custody and control of their minor child. From the decree of divorce and custody of the minor child neither party complains on this appeal. The trial court specifically found that a suit was pending in behalf of appellee and against the bus company, as alleged by appellee, and held that the cause of action is community property and awarded it to the appellee "solely as her property as within her exclusive control." The court recited in the judgment that he did not pass upon the validity or merits of her suit against the bus company.

The trial court further finds that "there is the sum of $485.00, the source of which is neither approved nor disapproved by this Honorable Court"; that such money was in the possession of appellant, and that there were outstanding and unpaid community debts. Accordingly, the said sum of $485 was set aside and awarded to the appellant for the purpose of paying community debts.

As we understand the briefs of the parties in this court, there is no complaint regarding the disposition of the sum of $485. Appellant admits that the trial court had the discretion to award the cause of action to appellee, if one existed, but contends that, since he, as manager of the community, had settled and released it, none existed—that is, that there was no evidence to sustain such finding and conclusion. Appellant further contends that "such decree implies that the release of the cause of action by the husband was set aside." It thus appears that the only complaint on appeal is the action of the court in finding and concluding that a cause of action existed which could be awarded to appellee.

The management and control of community property in this State is given exclusively to the husband. Art. 4619, R.S. of Texas, Vernon's Ann.Civ.St. art. 4619.

■ Damages for personal injuries sustained by the wife during marriage are the community of the wife and husband. Ezell v. Dodson, 60 Tex. 331; Taylor v. Catalon, 140 Tex. 38, 166 S.W.2d 102.

■ An attempt by the legislature in 1915 to give to the wife as her separate property all property and money received for personal injuries sustained by her has been held unconstitutional. Teague et al. v. Fairchild et al., Tex.Com.App., 15 S.W. 2d 585. Under the power given to the husband for management and control of community property it has long been held that the husband has the right and power to release a cause of action for damages sustained by the wife without her joinder. Moody v. Smoot, 78 Tex. 119, 14 S.W. 285; 23 Tex.Jur., page 107.

■ But the question now for decision does not arise out of these rules of law. Appellant challenges the judgment as having no support in the evidence. It was admitted in the pleadings of both parties that there was or had been such cause of action. The bus company was not a party to the suit. The trial court could not properly and effectively pass upon the validity or invalidity of the release without the presence of the bus company in the suit. The only basis for appellant's contention that there was no cause of action at the time of the divorce trial was that he had compromised, settled and released it. The terms of the release are not in evidence. Since both parties admitted that a cause of action had arisen out of the relationship between appellee and the bus company, and that it was community property, the trial court was not called upon to pass on the validity or invalidity of the claimed release given during the pendency of the divorce suit, the bus company not being a party to the suit. If the cause of action has been effectively released then the appellee has gained nothing by the decree and the appellant has lost nothing. If the settlement was effected by fraud that issue can be tried out in the damage suit, which would be the proper form. There was evidence to support the judgment in this respect, and appellant's first point is overruled.

■ We do not agree with the contention raised in the appellant's second point. The action of the court in awarding the sum of $485. to the appellant with which to pay community debts does not imply a holding that the release was valid.

The trial court specifically disclaimed any intention of doing that by holding that the source of that fund was neither approved nor disapproved. The trial court found the parties in possession of $485 of community funds. The source of such funds is not material so long as they are community funds.

For the reasons herein stated we find no error in the trial court and the judgment is accordingly affirmed.

## On Rehearing

Appellant urges in his motion for rehearing that our original disposition of this case in effect passed upon the merits of the alleged release, and that our holding is tantamount to a conclusion that the release of the appellee's cause of action against the bus company was invalid. The trial court did not so hold, and it is not our intention to do so. We are not by any expression or implication of the opinion passing upon the merits of the appellant's release to the bus company. The decisions of the district court and of this court are rendered without prejudice to the rights of any of the parties in the damage suit action, and without prejudice to any release which may have been given.

The motion for rehearing is overruled.