## LATIMER v. WALGREEN DRUG CO. OF TEXAS.

### No. 6076.

Court of Civil Appeals of Texas. Amarillo.
Sept. 25, 1950.

210

dividually, and C. S. Lambie and Company, a corporation, seeking to recover damages in the sum of $9,462.25 per personal injuries sustained by her by reason of the negligence of the named defendants. However, no appeal has been perfected as against C. S. Lambie individually or C. S. Lambie and Company. This case was tried jointly with a companion case bearing the next serial number on both the trial court's docket and this court's docket styled George W. Kennedy et ux. v. Walgreen Drug Company of Texas, alleging damages in that case in the sum of $11,070 by reason of injuries sustained by George W. Kennedy's wife, Virgie Kennedy, at the same time and in the same manner that appellant herein was injured. The cases were consolidated and tried together in the trial court with the same result in each case and they have been likewise consolidated in this court by request of the parties and are here presented in the same manner and on the same briefs.

The cases were tried to a jury but the trial court, after the evidence closed, upon its own motion, without taking any action upon the motions of all defendants for an instructed verdict in their favor, instructed a verdict for all of the defendants and against appellant herein for want of sufficient evidence to support her alleged claims for damages. Appellant perfected her appeal against Walgreen Drug Company of Texas alone and presents her appeal to this court upon three points of error. She charges that there was sufficient evidence to raise jury issues on the questions of negligence, proximate cause and contributory negligence.

The record reveals that Walgreen Drug Company owns and operates a drugstore located in a building on the southwest corner of the intersection of Polk and Eighth Streets in Amarillo, facing Polk Street, with an entrance at the northeast corner of the store facing the intersection and another entrance on Eighth Street toward the back of the store. The latter entrance or door is not used by the public but is used by the help in the store and for deliveries made to the store. About three feet back of this door is an elevator door opening on Eighth Street and leading to appellee's

Singleton, Trulove & Edwards, Amarillo, for appellant.

Simpson, Clayton & Fullingim, Amarillo, (Cleo G. Clayton, Jr., Amarillo, of counsel), for appellee.

PITTS, Chief Justice.

This suit was instituted by appellant, Bertha Latimer, a feme sole, against appellee, Walgreen Drug Company of Texas, a corporation, and against C. S. Lambie, in-

store basement. The north wall of the drugstore building adjacent to Eighth Street is approximately 100 feet or more in length. There are sidewalks adjacent to the drugstore building and separating it from the street curbs both in front on Polk Street and along the north side on Eighth Street. The alleged injuries occurred on the sidewalk on Eighth Street on the north side of the drugstore. It was stipulated that the sidewalk where the alleged injuries occurred is 16 feet wide. For several days before the alleged injuries on March 5, 1948, there was a period of very cold weather in Amarillo accompanied by rain, snow and sleet, covering the streets and sidewalks, including the sidewalk in question, with a thick coat of ice. Just east of the two street doors opening on Eighth Street there was a pile of scrap lumber of some sort piled on the sidewalk against the north wall of the drugstore covering about three feet space measured from the wall on the sidewalk and extending several feet along the wall. Appellant herein and Virgie Kennedy, one of the appellants in the companion case, were walking along the sidewalk on Eighth Street going east soon after two p. m. o'clock on the alleged date expecting to enter the Walgreen Drugstore at the front corner street entrance. They had come onto the sidewalk from another business establishment door opening on Eighth Street only a short distance west of the back of appellee's drugstore and they were walking next to the wall on the ice covered street until they reached the pile of scrap lumber in question. They started around the scrap lumber when both of them slipped on the ice and fell which resulted in the alleged injuries.

Appellant alleged that appellee, its agents and employees, caused the scrap lumber to be piled on the sidewalk at the place and time in question and were negligent in permitting the sidewalk in question to be and remain in a condition dangerous for the safe travel thereon of pedestrians; that such obstruction blocked the passageway on the sidewalk in violation of a city ordinance, constituting negligence on the part of appellee, which was the proximate cause of appellant's falling that resulted in her injuries; that appellee and its agents and employees were negligent in their failure to act as a reasonably prudent person would have done in clearing the sidewalk in question and in making it safe for pedestrians and that such negligence proximately caused the injuries; that appellee and its agents and employees were likewise negligent in allowing the ice and snow to remain upon the sidewalk adjacent to its building in violation of a city ordinance and that such was the proximate cause of appellant's fall that resulted in her injuries.

Appellant and her witnesses described the alleged obstruction on the sidewalk as being scrap lumber with some sheet metal or strips of metal mixed with it. There was testimony that it was on the sidewalk before noon on the same day. But there was no testimony showing or tending to show who put the scrap lumber or metal on the sidewalk or when or why such was put there. Appellee's agents and employees who operated the drugstore testified they did not put it there or authorize it being put there and did not know it was there. Appellant and her companion, Virgie Kennedy, both testified they did not know who put it there. There was evidence to the effect that C. S. Lambie and Company had done some construction work under contract for appellee inside the drugstore but such was completed the latter part of February before the alleged injuries occurred on March 5, 1948. Some one-inch lumber, some two-by-fours, some two-by-twelves, some molding type lumber, some sheet metal, sheet rock, brick and concrete had been used in the construction work but a "clean up" man for Lambie testified that he cleaned up the premises on February 16 after the bulk of the consrtuction work was completed and removed all unused materials. Thereafter a little inside work was done by a carpenter on February 26 but most of the work done after February 16 was done by painters and plasterers, who finished their work on February 27.

Appellant acknowledges familiarity with the rule of law stated by the Supreme Court in the case of Grapotte v.

Adams, 130 Tex. 587, 111 S.W.2d 690, to the effect that sidewalks in a city are a part of the street, and a duty to exercise ordinary care to maintain them in reasonably safe condition for the use of the public rests upon the city, and not upon the abutting property owner. However, appellant now seeks to recover under her allegations to the effect that appellee, through its agents and employees, was negligent in creating a dangerous hazard on the sidewalk by leaving the alleged obstructions thereon adjacent to its drugstore. Appellee denies liability for any damages and for such alleged obstructions being on the sidewalk in question and denies any knowledge of such being there. Appellant concedes there is no direct evidence that makes appellee responsible for the alleged obstruction upon the sidewalk but she insists there is circumstantial evidence enough to support the alleged issues of negligence, proximate cause and contributory negligence. Circumstantial evidence may form the basis of findings of alleged facts but such circumstances must be of sufficient probative force to raise more than a suspicion that such alleged facts exist. Proof of an opportunity to commit alleged acts, standing alone, is insufficient to establish the commission of such acts.

It was recently held in the case of A. C. Burton Co. v. Stasny, Tex.Civ.App., 223 S.W.2d 310, writ refused, that a right for recovery of injuries resulting from negligence of a defendant is based upon a violation by defendant of a duty toward the plaintiff. Unless appellant herein has offered competent evidence of probative force at least tending to show that appellee or its agents and employees were negligent in violating some duty they owed appellant and that such resulted in her injuries, she has failed to raise any issue of fact for the jury.

Appellant testified that she saw the obstruction on the sidewalk as she approached it, consisting of scraps of lumber of odd lengths, some probably eight feet long, with some tin or sheet metal and crates mixed with it piled on the sidewalk against the wall, covering about three feet of the sidewalk and extending along the wall for a distance of eight feet to twelve feet; that she did not stumble over the pile of scrap lumber but she and Mrs. Virgie Kennedy started around it, slipped on the ice and fell, which resulted in their injuries. She further testified that she did not know who put the said scrap lumber on the sidewalk. Mrs. Virgie Kennedy's testimony corroborated that given by appellant and Mrs. Kennedy also testified that she did not know who put the scrap lumber on the sidewalk or when it was put there. Edgar W. Collins, manager of appellee's drugstore, and Roy B. Morris, porter for the drugstore, both testified that they did not put the scrap lumber or anything of the kind on the sidewalk in question; that they did not authorize anybody else to put it there and did not know such was there. Nowhere does the evidence reflect who put the scrap lumber in question on the sidewalk in question, when or why it was put there or when such was removed or who removed it. Collins, the drugstore manager, testified that he saw a box on the sidewalk on the afternoon of March 5, 1948, and had the porter move it but he said he did not know who put the box on the sidewalk and he did not say which sidewalk it was on. Roy Morris, the porter, testified that on one occasion he removed some lumber and other "stuff" from the sidewalk and carried it down in the store basement one day when it was cold but there was not much of it and he carried it all down in one trip or in two trips at most. He said he did not know who put it out there nor when he removed it but it was during the winter of 1948. He did not know whether it was when Lambie was doing the construction work, or before or after such was done. He said nobody told him it was out there nor who put it there but Mr. Collins, the manager, told him to look and he did and removed it. He further testified that Mr. Collins told him several days later that some lady said she fell on the sidewalk. He also testified that it was his duty to gather up trash and put it in the alley back of the store late each afternoon to be burned or hauled away but he knew never to leave anything on the sidewalk.

■■ In this case the evidence does no more than raise a remote suspicion about

who may have removed the scrap lumber and other material from the sidewalk. It does not raise even a remote suspicion about who put it there or when it was put there. In an effort to fasten guilty negligence upon appellee, appellant is presuming from the evidence (and such can be no more than a remote suspicion) that appellee's agents and employees removed the scrap lumber from the sidewalk, and therefore she presumes further that because they removed it they put it on the sidewalk and further presumes that the presence of the scrap lumber on the sidewalk caused appellant and her companion to slip on the ice and fall, although the scrap lumber covered only three feet of space on the sidewalk, leaving thirteen feet not covered by the scrap lumber, and it must be still further presumed that the presence of the lumber on the sidewalk resulted in negligence that proximately caused the injuries. Therefore in order to fasten guilty negligence upon appellee presumptions must be piled upon other presumptions. The rule is well established that one presumption or inference of fact cannot rest upon another presumption or inference of fact in order to establish an issue. Chicago, R. I. & G. Ry. Co. v. Rhone, Tex.Civ.App., 105 S.W.2d 707, writ dismissed.

Considering the evidence in its most favorable light the same fails to raise the issues of negligence alleged by appellant and her claim for damages against appellee is defeated. Kirkman v. Brown & Derby Mfg. Co., Tex.Civ.App., 156 S.W. 2d 310; Brinlee v. Taylor Grain Co., Tex. Civ.App., 166 S.W.2d 724; Hooten v. City of Gatesville, Tex.Civ.App., 130 S.W.2d 1067; Texas Consolidated Theatres v. Slaughter, Tex.Civ.App., 143 S.W.2d 659.

For the reasons stated it is our opinion that the trial court was justified in taking the action it did and the case has been properly disposed of. Appellant's points to the contrary are all overruled and the judgment of the trial court is affirmed.