## WELCH et al. v. BAUER.
### No. 13193.

United States Court of Appeals
Fifth Circuit.
Jan. 12, 1951.

Holmes, Circuit Judge, dissented.

B. L. Morgan, Amarillo, Tex., for appellants.

John D. Aikin, James W. Witherspoon, Hereford, Tex., R. A. Wilson, Amarillo, Tex., for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and RUSSELL, Circuit Judges.

HUTCHESON, Chief Judge.

Filed by the husband, as head and manager of the community, to recover damages for personal injuries suffered by his wife in an automobile collision with a car owned by one of the defendants and driven by the other, the complaint charged the defendants with negligently operating their car and thereby causing the damages sued for.

The defendants, denying the charges of negligence against them, replied with counter-charges of negligence on the part

of plaintiff and his brother who was driving plaintiff's car.

The evidence [1] concluded, the court submitted the case to the jury for a general verdict and also submitted a special issue to be answered by them, but only if they found for plaintiff. This issue inquired whether or not the drivers of both cars were negligent and whether if so, the negligence of both concurred to produce the injury.

The jury returned a general verdict for plaintiff.[2] They also answered the special issue in the affirmative. Both plaintiff and defendants moving for judgment on the verdict, the district judge, not at all disagreeing with defendants' contentions:

that the cause of action for personal injuries to either the husband or the wife belonged to the community; that the recovery was community property;[3] and that the husband's negligence is a complete defense in Texas [4] and the community property states generally, to his action for injuries to the wife, was of the opinion, for the reasons given in his letter [5] to the counsel, that these decisions were not controlling here. He, therefore, denied defendants' motion for judgment and gave judgment for the plaintiff.

Defendants are here insisting that the brothers being engaged in a joint enterprise, the judgment in effect permitted the plaintiff to recover for his own wrong,[6]

1. This was that plaintiff and his two brothers, citizens of California, had come from California to Texas in plaintiff's car, under arrangements to share the expenses, to attend their father's funeral, the brothers taking turn about driving. Plaintiff's wife and baby were also in the party. At the time of the accident, plaintiff's brother, Keith Bauer, was driving and as they came into Friona, their car came into collision with defendant's car. Both plaintiffs and defendants offered evidence as to their respective exercise, or want, of due care, and there was evidence tending to show negligence on the part of both drivers concurring in producing the injury.

2. "We the Jury, find for the plaintiff, Harold E. Bauer, and assess the damages for personal injuries to his wife, Opal Bauer, at the sum of $1000.00, and for necessary medical care and services at the reasonable sum of $750.00 and for necessary nursing care and services at the reasonable sum of $150.00, and for necessary hospitalization at the reasonable sum of $750.00, and for necessary transportation from Hereford to Dallas, and from Dallas to Riverside, and from Riverside to Portland and return at the reasonable sum of $150.00, and for the cost of plaintiff's room and board in Hereford while his wife was in the hospital at the reasonable sum of $175.00 and for the neck brace in the reasonable sum of $25.00."

3. 23 Tex.Jur., Husband and Wife, Sec. 106, pp. 130–133 incl.; Taylor v. Catalon, 140 Tex. 38, 166 S.W.2d 102; Wright v. Wright, Tex.Civ.App., 220 S.W.2d 542; Roberts v. Magnolia Petroleum Co., Tex. Civ.App., 142 S.W.2d 315.

4. Northern Texas Traction Co. v. Hill, Tex.Civ.App., 297 S.W. 778; Dallas Ry. & Terminal v. High, 129 Tex. 219, 103 S.W.2d 735. Cf. W. W. Clyde & Co. v. Dyess, 10 Cir., 126 F.2d 719; 59 A.L. R. 161; 110 A.L.R. 1103; American Jurisprudence, Community Property, Sec. 36, p. 197, Sec. 37, p. 198. Southern Pac. Co. v. Day, 9 Cir., 38 F.2d 958; Zaragosa v. Craven, Cal.App., 191 P.2d 470.

5. "You are advised that the defendant's motion filed herein for judgment on the verdict of the jury returned 10-13-49, is overruled, and judgment is being entered for the plaintiff.

"The theory of defendant's motion that the negligence of the driver, Keith Bauer, in turn is imputed to the husband, Harold Bauer, and so raises a barrier to the husband's suit for the community claim covering injuries to the wife, Opal Bauer, presents a novel question, but I think the contention outruns any present decision in Texas. Imputed negligence after all is only constructive negligence. The fact that the three brothers were on a joint trip does not import any wrong doing whatever. Yet it is for that reason alone that the driver's negligence must be imputed to the husband in this case. In other words, the husband was free of any personal wrong doing under the verdict of the jury, and I do not believe that the judgment herein for the plaintiff is inconsistent with the reason and policy of the cases cited by the defendant's counsel."

6. El Paso Electric Co. v. Leeper, Tex. Com.App., 60 S.W.2d 187; W. W. Clyde & Co. v. Dyess, 126 F.2d 719; Silva v. Market, 50 Cal.App.2d 796, 123 P.2d 904;

and that the judgment, therefore, should have been entered not for plaintiff but for them.

The Constitution of Texas settles beyond the power of the Legislature[7] to change it, that compensation for personal injuries sustained by the wife is community property.

We agree, therefore, with appellants that under the finding of the jury, plaintiff was not entitled to a judgment and that the court erred in entering judgment for plaintiff.

We cannot agree, though, that defendants were entitled to a judgment on the verdict and that the judgment should be reversed and here rendered for them. The answer to the special issue is completely inconsistent with the general verdict. This being so, this is a case in which, under Rule 49, Fed.Rules Civ.Proc. 28 U.S. C.A. the answer to the special issue being inconsistent with the general verdict, the court could not enter a judgment on it, but must either return the case to the jury for further consideration of its answers, or grant a new trial. Since he did not return the case to the jury he should have ordered a new trial.

The judgment is reversed and the cause is remanded for further and not inconsistent proceedings.

RUSSELL, Circuit Judge (specially concurring).

While I personally prefer the rule announced in the dissent, I believe the law of Texas, by which I must be controlled, to be otherwise, as is shown by the opinion herein. I therefore concur in the judgment of reversal.

HOLMES, Circuit Judge (dissenting).

The majority opinion puts up a straw man and knocks him down, but it does not touch the novel question mentioned in the able opinion of the learned trial judge, which says that appellants' contention outruns any present decision in Texas; that imputed negligence, after all, is only constructive negligence, and the fact that the three brothers were on a joint trip does not import any wrong whatever. Yet, he says it is for that reason alone that the driver's negligence must be imputed to the husband in this case, since the husband was free of any personal wrongdoing under the verdict of the jury.

I might well close this dissent with the above indirect quotations from the excellent opinion of the trial court, but the appellee's brief is said to be dedicated to the proposition that the novel question was correctly decided below and is in accord with the "forward thinking of jurists throughout the country." Therefore, for the benefit of the Texas jurisprudence, I will use some of the material of counsel, who contends that the trend of American decisions is the repudiation of the doctrine of imputed negligence, and that no authority in the country has ever imputed negligence twice, that is, from one negligent party to one not negligent, and then again from the one not negligent to a third innocent party, which is what the appellants seek to have done and what the trial court refused to do. In Bricker v. Green, 313 Mich. 218, 21 N.W.2d 105, 109, 163 A.L.R. 697, the Supreme Court of Michigan quoted with approval the following: "In the typical case, there is presented, on the one hand, the plaintiff-passenger, wholly free of any negligence or wrongdoing. On the other

---

Milgate v. Wraith, 19 Cal.2d 297, 121 P. 2d 10.

7. The act of 1915, Rev.St.1925, art. 4615, declared:

"All property or moneys received as compensation for personal injuries sustained by the wife shall be her separate property, except such actual and necessary expenses as may have accumulated against the husband for hospital fees,

medical bills and all other expenses incident to the collection of said compensation."

This act, though the Legislature tried in it to separate expenses from other elements of injury, was declared unconstitutional and actions for personal injuries to the wife and recovery under them remained community property. 23 Tex. Jur., Husband and Wife, Sec. 58,—Personal Injuries—page 83.

hand, there is the tort-feasor whose negligence has brought harm to such passenger or contributed to such harm. The injured party brings suit. The court must choose between them, the one innocent, the other guilty! Which is to be preferred? Must we continue for all time to drag in this exploded and obsolete legal monstrosity with the sole result of throwing the loss on the innocent party? The 'imputed negligence' doctrine prefers the wrong-doer. He is the favored one and he is allowed to go free of responsibility for his wrong-doing. The loss is thrown upon the innocent passenger. As has been pointed out, abolition of the pernicious doctrine would affect only the wrong-doer and that only to the extent of preventing his escape from liability for his own negligence to one free from fault. At rock-bottom, the imputed negligence doctrine is a denial of justice as between parties litigant."

In order to bar recovery by the wife in this case, the negligence of the driver of the car must be imputed twice, which is analogous to basing one inference upon another. The fact relied on to support an inference must be proven or admitted. Community Natural Gas Company v. Henley, Tex.Com.App., 24 S.W.2d 10; International Travelers' Association v. Bettis, 120 Tex. 67, 35 S.W.2d 1040; Green v. Texas & P. Ry. Co., 125 Tex. 168, 81 S.W. 2d 669; Texas Pacific Coal & Oil Company v. Wells, Tex.Civ.App., 151 S.W.2d 927; Same case affirmed by the Supreme Court of Texas, 140 Tex. 2, 164 S.W.2d 660; Latimer v. Walgreen Drug Company of Texas, Tex.Civ.App., 233 S.W.2d 209, 213.

In the instant case, the wife was not a joint adventurer, since she had no control over the operation of the automobile. Galveston H. & S. A. R. Co. v. Kutac, 72 Tex. 643, 11 S.W. 127, and Id., 76 Tex. 473, 13 S.W. 327; Herrell v. St. Louis, etc., R.R. Co. 324 Mo. 38, 23 S.W.2d 102, 69 A.L.R. 470; 45 C.J. 1123, Sec. 705; 65 C.J.S., Negligence, § 198; Applebee v. Ross, Mo. Sup., 48 S.W.2d 900, 82 A.L.R. 288; Collier v. Rives, Tex.Civ.App., 103 S.W.2d 830.

See résumé of an excellent article by Leon Green, of Austin, Professor of Law, University of Texas, in the October, 1950, number of the Texas Bar Journal, from which I quote, as food for thought, the following: "The right of security of his person which a spouse brings to the marriage is his own. It is his from birth given him by a higher law than either the Constitution or court decision. It is personal to him and so is the claim for the vindication of its injury." The article is in 26 Texas Law Review, p. 461.

In applying the Texas law, I think the federal court should not extend the doctrine of imputable negligence further than the courts of that state have ever done; and, therefore, I dissent.