Ludwic FUSELIER

v.

Guy A. THOMPSON, Trustee and/or Receiver, New Orleans, Texas and Mexico Railway Company, and/or Guy A. Thompson, Trustee and/or Receiver of Missouri Pacific Railroad Company.

Civ. A. No. 4446.

United States District Court
W. D. Louisiana,
Opelousas Division.

Aug. 2, 1957.

J. Nilas Young, Eunice, La., L. O. Fusilier, Ville Platte, La., for plaintiff.

Edward Dubuisson, Opelousas, La., Milling, Saal, Saunders, Benson & Woodward, New Orleans, La., for defendant.

HUNTER, District Judge.

Fuselier brought this action against the railroad for serious personal injuries sustained when a car owned by a Mr. Hudson and operated by Verdie Mae Vidrine crashed into a gondola railroad car. The accident occurred shortly after midnight on February 22, 1953, at a railroad crossing in Eunice, Louisiana. The crossing was an elevated one and there were no lights or bells of any kind to warn the public of the presence of the crossing on this heavily traveled thoroughfare. At the time of the accident, the railroad car was stationary and completely blocked the crossing. Train personnel were available but there were no lights, lamps or bells of any kind being used to warn of the blocked crossing. Fuselier was a guest in the car.

The case was tried on its merits and submitted to the jury for a general verdict. The court also submitted two special issues, as follows to-wit:

(1) Was the defendant railroad guilty of negligence which was a proximate cause of the accident involved in this suit?

(2) Was the plaintiff Ludwic Fuselier, guilty of negligence which was a proximate cause of the accident?

The jury returned a general verdict for the plaintiff. They also answered both special issues in the affirmative. The answer to Interrogatory No. 2 was completely inconsistent with the general verdict. The Court, exercising its discretion, ordered a new trial. Rule 49(b), Federal Rules of Civil Procedure, 28 U.S.C.A.

At the close of plaintiff's case and all of the evidence, defendant filed motions for directed verdicts. Acting under Rule 50(b), 28 U.S.C.A., the Court denied the motions and submitted the issues of negligence, proximate cause and contributory negligence to the jury. Subsequent to the trial and the verdict, defendant filed timely motions requesting that the Court dismiss plaintiff's suit in accordance with defendant's motions for directed verdicts.

 The question is one of law only: whether there is evidence which, if believed, would authorize a verdict against defendant. Because there would have been ample justification for the following findings of fact based on substantial evidence and inferences therefrom:

(1) That the crossing where the accident occurred was more than ordinarily hazardous;

(2) That defendant failed to provide adequate warning to the traveling public under the prevailing conditions that existed at this crossing, and that this failure was a proximate cause of the accident;

(3) That plaintiff was not guilty of such independent negligence as would bar his recovery;[1]

---

1. It is of course the duty of travelers on the highway to exercise reasonable care for their own safety. There is certainly a serious jury question here as to whether or not plaintiff was guilty of contributory negligence. He was a guest, with no control over the car. The concurrent negligence, if any, of the driver of the car, cannot be attributed to him. Atlantic Coast Line R. Co. v. Freeman,

the motions for directed verdicts and for a judgment notwithstanding the order for a new trial are denied.

Citing Golden North Airways v. Tanana Publishing Company, 9 Cir., 1955, 218 F.2d 612; and Wayne v. New York Life Insurance Company, 9 Cir., 1942, 132 F.2d 28, defendant vigorously urges that under Rule 49(b) the Court has no alternative but to direct the entry of a judgment in accordance with the answers to the special interrogatories. By brief he asserts:

"In view of the jury's finding the burden is on the plaintiff to argue that the finding on the question of contributory negligence is unsupported by sufficient evidence in the record. It will be interesting to listen to that sort of argument. The rule is, of course, that where a special finding of fact is inconsistent with a general verdict, the special finding of fact controls the general verdict."

The cases relied on are not applicable,[2] and we certainly cannot agree with defendant's interpretation of 49(b). The rule categorically states:

" * * * When the answers are consistent with each other but one or more is inconsistent with the general verdict, the court may direct the entry of judgment in accordance with the answers, notwithstanding the general verdict or may return the jury for further consideration of its answers and verdict *or may order a new trial*." (Italics mine.)

 The Fifth Circuit, in Welch v. Bauer, 186 F.2d 1002, recently had occasion to interpret 49(b) and there, under similar circumstances, ordered a new trial. Under 49(b), the Court has the discretion to employ three alternatives:

(a) to order a verdict in accordance with the answers to the interrogatories; (b) to discharge the jury and order a new trial, or (c) within the limits of legitimate wheedling, endeavor to have the jury rectify the inconsistency. Here, the jurors had deliberated at length and the answer to one special issue was completely inconsistent with the general verdict. After reflection the Court was of the opinion that justice required a new trial. There is no question but that there was patent confusion in the minds of the jurors. The determination of an award of damages is closer to the real intent of the jury as to its verdict than is the answer to Interrogatory No. 2.

A new trial is ordered.

---

5 Cir., 193 F.2d 217. Attention is also invited to the case of DeLoach v. Louisiana & A. R. Co., 5 Cir., 1954, 210 F.2d 921. There, the wife and minor son of a driver who was guilty of the grossest negligence were permitted to recover against the railroad.

**2.** Tanana was decided on the law of Alaska which specifically provides that where a special finding is inconsistent with the general verdict "the former shall control the latter, and the court shall give judgment accordingly." [218 F.2d 618.] Wayne involved merely matters of calculation and no question of fact.